1

2

3

4

5

6

FILED & ENTERED

JUN 26 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

7

## ORDER NOT FOR PUBLICATION

8

## UNITED STATES BANKRUPTCY COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

## LOS ANGELES DIVISION

11

12

13

14

In re

**RITA GAIL FARRIS-ELLISON,**

                    Debtor(s).

Case No. 2:11-bk-33861-RK

Chapter 7

Adv. No.  2:12-ap-01830-RK

15

16

17

18

**ORDER DENYING MOTION TO
COMPEL DISCOVERY RESPONSES
WITHOUT PREJUDICE AND
CONTINUING HEARING ON MOTION
FOR SUMMARY JUDGMENT FROM
JULY 21, 2015 TO AUGUST 25, 2015
AT 2:00 P.M.**

19

**JAMES LEE CLARK**

20

                    Plaintiff(s),

21

                    vs.

22

**RITA GAIL FARRIS-ELLISON**

23

                    Defendant(s)

24

25

26

    On June 8, 2015, Plaintiff James Clark ("Plaintiff") filed a Motion for an Order

27

Compelling Discovery and Sanctions Against Defendant/Debtor Rita Ellison-Farris [sic]

28

("Motion") (ECF 15). The Motion asks the court to compel disclosure and discovery from

1   Debtor and to award sanctions.  The court has reviewed the Motion and has determined

2   that it should be denied without prejudice because the Motion is procedurally improper.

3   Specifically, the Motion seeks to compel discovery which has not been authorized or is

4   procedurally defective and the Motion does not comply with the procedures for resolving

5   discovery disputes laid out in Local Bankruptcy Rule 7026-1(c).  Accordingly, the court

6   will rule on the Motion on the papers without hearing and will deny the Motion without

7   prejudice.

8         Plaintiff contends that Defendant failed to respond to his discovery of "debtor

9   examination" of Defendant (Exhibit A), which refers to his Motion for Rule 2004

10  Examination.  However, Plaintiff forgets that the court did not rule on his Motion for Rule

11  2004 Examination, and at the hearing on April 29, 2015, the court continued the hearing

12  on the Motion for Rule 2004 Examination to August 25, 2015 at 2:00 p.m.  The court

13  continued the hearing on this motion in part to allow the parties to go through a mediation

14  process.  At this time, the court is aware that the mediation was eventually unsuccessful

15  as indicated by the mediator's certificate filed on May 20, 2015, which stated that the

16  matter was not settled.  Nevertheless, there is nothing to compel with respect to the

17  discovery of "debtor examination" because the court has not ruled on the Rule 2004

18  Examination Motion, and thus, the motion to compel discovery should be denied without

19  prejudice as to this discovery.

20        Plaintiff contends that Defendant failed to respond to discovery "subpoena to

21  testify" (Exhibit B), which refers to a subpoena to testify at a deposition in a bankruptcy

22  case or adversary proceeding to Defendant.  However, the subpoena is improper

23  because it is for a deposition and there is no showing that there was a proper notice of

24  deposition of Defendant prepared and served in accordance with Rule 7030 of the

25  Federal Rules of Bankruptcy Procedure and Rule 30 of the Federal Rules of Civil

26  Procedure.  There is no notice of deposition as required by these rules.  There is only a

27  copy of a subpoena as part of the Motion.  Moreover, a subpoena is required to be

28  served in person on the subpoenaed party with a tender of witness and mileage fees if

2

the subpoena requires that person's attendance in accordance with Rule 9016 of the

Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil

Procedure.  The Motion does not show that the subpoena was served on Defendant in

person with a tender of witness and mileage fees.  The proof of service of the subpoena

is unsigned, so there is no showing of proper service of any subpoena under these rules.

Plaintiff says he "serves" the discovery on Defendant, but there is no proof of that being

done in the manner required by the applicable rules.  Because the subpoena to testify at

the deposition did not accompany a proper notice of deposition and there is no proof of

proper service of the deposition subpoena on Defendant in person with a tender of

witness and mileage fees, the Motion to compel this discovery is denied without

prejudice.

        Local Bankruptcy Rule 7026-1(c)(2) states:

> Prior to the filing of any motion relating to discovery, counsel
> for the parties must meet in person or by telephone in a
> good faith effort to resolve a discovery dispute. It is the
> responsibility of counsel for the moving party to arrange the
> conference. Unless altered by agreement of the parties or by
> order of the court for cause shown, counsel for the opposing
> party must meet with counsel for the moving party within 7
> days of service upon counsel of a letter requesting such
> meeting and specifying the terms of the discovery order to
> be sought.

Plaintiff has attached as Exhibit C to the Motion a "Meet and Confer Letter", but the

document in that exhibit does not comply with the requirement of Local Bankruptcy Rule

7026-1(c)(2), which requires the moving party to attempt to arrange a conference and

specify the discovery order to be sought.  The document in Exhibit C does neither of

these, as it does not specify the discovery order to be sought and does not attempt to

arrange a meeting, but states that a motion to compel will be filed within 10 days if the

requested is not produced and invites the recipient to call Plaintiff.  This is not a proper

"meet and confer" letter as required by Local Bankruptcy Rule 7026-1 (c)(2), because it

does not try to arrange for a discovery dispute conference; it is simply a demand letter

which does not meet the requirements of the rule to meet and confer before filing a discovery dispute motion.

Because Plaintiff has not complied with the relevant Local Bankruptcy Rules, the Motion is DENIED without prejudice.  Because the court denies Plaintiff's Motion to Compel, the hearing on the Motion on June 30, 2015 at 2:30 p.m. is vacated.  No appearances are required on June 30, 2015.

On June 8, 2015, Plaintiff filed another motion for summary judgment, which is set for hearing on July 21, 2015 at 3:30 p.m.  Plaintiff also has his original motion for summary judgment which has not been ruled upon by the court.  At the hearing in this matter on April 29, 2015, the court continued the hearing on the original motion for summary judgment to August 25, 2015 at 2:00 p.m.  The court continued the hearing on this motion in part to allow the parties to go through a mediation process.  Because the court has already set a date for hearing on the original motion for summary judgment, the court is not permitting another hearing on a summary judgment motion for a different or earlier date.  The second motion for summary judgment that Plaintiff filed on June 8, 2015 appears to be the same in substance as the original motion for summary judgment. To the extent the second motion for summary judgment is different than the first motion for summary judgment, it can be argued at the hearing on the first motion for summary judgment on August 25, 2015 at 2:00 p.m.  Accordingly, the court continues the hearing on Plaintiff's motion for summary judgment filed on June 8, 2015 from July 21, 2015 at

///

///

///

1  3:30 p.m. to August 25, 2015 at 2:00 p.m.  No appearances on the second motion for

2  summary judgment will be required on July 21, 2015.

3        IT IS SO ORDERED.

4                                           ###

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  Date: June 26, 2015

25                                    Robert Kwan
                                      United States Bankruptcy Judge

26

27

28