FILED & ENTERED

SEP 10 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br>**RITA GAIL FARRIS-ELLISON,**<br>Debtor. | Case No. 2:11-bk-33861-RK<br>Chapter 7<br>Adv. No. 2:12-ap-01830-RK |
| **JAMES LEE CLARK,**<br>Plaintiff,<br>vs.<br>**RITA GAIL FARRIS-ELLISON, et al.,**<br>Defendants. | **ORDER DENYING PLAINTIFF'S MOTION FOR EXAMINATION OF THE DEBTOR PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 WITHOUT PREJUDICE** |

Pending before the court in this adversary proceeding is the Motion of Plaintiff James Clark ("Plaintiff") for Examination of the Debtor Pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Motion"), filed on February 10, 2015 (ECF 120). The Motion requested that Debtor personally appear before him on April 2, 2015 10:00 a.m. for an examination at 625 Laconia Blvd., Los Angeles, California 90044 and that Debtor produce approximately 30 categories of documents.

1  Although the Motion was not originally noticed for hearing before the court, the
2  court and the parties discussed the Motion at the regularly scheduled status conference
3  in this adversary proceeding on March 10, 2015 at 1:30 p.m.  Plaintiff appeared with his
4  counsel, Jonathan Panossian, of the Law Offices of Deborah R. Bronner, and James A.
5  Bryant II, Attorney at Law, appeared for Defendant Rita Farris-Ellison.   After the hearing,
6  the court issued an order on the Motion, entered on March 10, 2015 (ECF 131), setting a
7  further hearing on the Motion for April 28, 2015 at 1:30 p.m., ordering that no examination
8  take place on April 2, 2015 and further ordering that Plaintiff may present his Rule 2004
9  examination requests in the Motion or revised in an amended motion at the further
10 hearing on April 28, 2015, but suggesting that Plaintiff review his Rule 2004 motion with
11 his counsel before serving it on Mr. Bryant, Defendant's counsel.   During its comments
12 at the status conference on March 10, 2015, the court indicated that it would discuss with
13 the parties setting up a "meet and confer" meeting for the Motion at the hearing on April
14 21, 2015, which was later changed to April 28, 2015 by the March 10, 2015 written order.
15   At the further hearing on the Motion on April 28, 2015, the parties appeared, Mr.
16 Clark with his counsel, Mr. Panossian, and Mr. Bryant for Defendant Farris-Ellison, and
17 requested a continuance of the various hearings in the adversary proceeding and
18 extension of the discovery deadlines for 90 days in light of the pending mediation and the
19 parties' then ongoing settlement discussions.  The parties did not bring up the Motion at
20 this hearing, and no "meet and confer" meeting for the Motion was scheduled at the April
21 28, 2015 hearing.  The court continued the hearings to August 25, 2015 at 2:00 p.m.,
22 including the hearing on the Motion, in light of the pending mediation and settlement
23 discussions.
24   On June 8, 2015, Plaintiff filed a Motion for Order Compelling Discovery and
25 Sanctions against Defendant Farris-Ellison, which sought to compel the Rule 2004
26 examination which is also the subject of the Motion.  By order entered on June 26, 2015,
27 the court denied this Motion for Order Compelling Discovery and Sanctions because it
28 was procedurally improper as: (1) the Motion for Rule 2004 examination was still pending

and had not been granted; (2) a purported discovery subpoena was procedurally defective, with an unsigned proof of service, no proof of tender of witness and mileage fees and no proper notice of deposition, as it was a purported deposition subpoena; and (3) non-compliance with the discovery dispute procedures of Local Bankruptcy Rule 7026-1(c)(2) before filing a motion to compel discovery, including a "meet and confer" meeting.

The further hearing on the Motion was conducted on August 25, 2015 at 2:00 p.m. Plaintiff appeared in pro per for himself, and Mr. Bryant appeared for Defendant Rita Farris-Ellison.

Having considered the moving papers and the procedural history of the Motion, the court denies the Motion without prejudice. The Motion does not comply with Local Bankruptcy Rule 2004-1, which requires a "meet and confer" meeting pursuant to Local Bankruptcy Rule 2004-1. Although the court and the parties talked about a "meet and confer" meeting at the status conference on March 10, 2015, there is no evidence that the meeting ever occurred. The undated "meet and confer" letter attached to the Motion does not satisfy the requirement of Local Bankruptcy Rule 2004-1 because it is a demand letter to Defendant's counsel, demanding that Defendant appear before him on April 2, 2015 or for Defendant's counsel to propose an agreeable date by February 13, 2015, or three days after the Motion was filed.

Local Bankruptcy Rule 2004-1(a) states: "Prior to filing a motion for examination or for production of documents under FRBP 2004, the moving party must attempt to confer (in person or telephonically) with the entity to be examined, or its counsel, to arrange for a mutually agreeable date, time, place, and scope of an examination or production." At the status conference on March 10, 2015, Plaintiff said that he waited in Mr. Bryant's office to serve a subpoena for the examination for two hours and that Mr. Bryant would not come out of his office to accept the subpoena, and Mr. Bryant said that he was unaware that Plaintiff was requesting a Rule 2004 examination of his client, Defendant Farris-Ellison, but that he was aware that someone was trying to serve a subpoena on his

client. This does not satisfy the requirements of a "meet and confer" meeting under Local Bankruptcy Rule 2004-1 because Plaintiff came to counsel's office to serve a subpoena and not to "meet and confer." At the minimum, Plaintiff should have served his Rule 2004 examination request with the list of documents requested on counsel, and with the request, Plaintiff should have asked counsel to meet and confer with him regarding a mutually agreeable date, time, place and scope of the examination and production of documents as required under Local Bankruptcy Rule 2004-1(a). The phrase "mutually agreeable" in Local Bankruptcy Rule 2004-1(a) referred to all four items of: (1) the date of the examination or production of documents; (2) the time of the examination or production of documents; (3) the place of the examination or production of documents; and (4) the scope of the examination or production of documents, and the parties are to discuss all of these matters to see if they can reach a mutual agreement on date, time, place and scope of examination or production before they resort to bringing a motion to compel or for protective order under Rule 2004. Local Bankruptcy Rule 2004-1. Plaintiff's undated letter did none of these things, but only demanded Defendant appear for examination and for production of documents at his place on April 2, 2015, or at a mutually agreeable date if counsel got back to him by February 13, 2015, and did not attempt to confer and reach a mutual agreement on all of the items covered by Local Bankruptcy Rule 2004-1. Plaintiff did not attempt to set up a conference as required by Local Bankruptcy Rule 2004-1(a). Although Plaintiff is not happy to have sat in counsel's office to serve a subpoena on counsel, and no matter how it long it took, this does not satisfy this prefiling conference requirement of Local Bankruptcy Rule 2004-1.

Plaintiff could have mailed, or hand-delivered, his Rule 2004 examination request with the list of requested documents, accompanied by a letter requesting a conference to discuss the Rule 2004 requests with reasonable notice (for example, within 14 days) to counsel at his office, which mail service or hand-delivery could have been described in a declaration of service. If counsel for Defendant Farris-Ellison did not respond to such a request and letter requesting a conference, then this could have been described in a

declaration for a Rule 2004-1 motion. However, this was not done for this motion. Because the Motion does not comply with the procedural requirements of Local Bankruptcy Rule 2004-1(a) and (b), the Motion is procedurally defective and should be denied.

Substantively, Plaintiff's Motion requests that Defendant personally appear before Plaintiff for an examination at 625 Laconia Blvd., which is Plaintiff's listed residential address, and requests that Debtor produce documents responsive to approximately 30 categories. Although the scope of a Rule 2004 examination is broad, there are limits to the scope of a Rule 2004 examination.

First, "[Federal Rule of Bankruptcy Procedure] 2004 is not a substitute for discovery authorized in either adversary proceedings or contested matters which is governed by [Rule] 9014 [relating to contested matters]." *In re Dinubilo*, 177 B.R. 932, 942 (E.D. Cal. 1993) (citation omitted). Here, Plaintiff is attempting to use the broad scope of a Rule 2004 examination to gain advantage in his adversary proceeding with Defendant, as the Motion and Rule 2004 examination request are filed in the adversary proceeding, and this is generally not permissible under the case law interpreting Federal Rules of Bankruptcy Procedure 2004, 9014 and 7024. *See* 9 Resnick and Sommer, *Collier on Bankruptcy* ¶ 2004.01[1] at 2004-3 (16th ed. 2015) ("in fact, if an adversary proceeding or contested matter is pending, the discovery devices provided for in [Federal] Rules [of Bankruptcy Procedure] 7026-7037, which adopt various discovery provisions of the Federal Rules of Civil Procedure, apply and Rule 2004 should not be used") (footnotes omitted), *citing inter alia, In re Dinubilo*, 177 B.R. at 941-943; *In re Blinder, Robinson & Co.*, 127 B.R. 267, 274-275 (D. Colo. 1991); *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

Second, a Rule 2004 examination must be both "relevant and reasonable" and "may not be used to annoy, embarrass or oppress the party being examined." *In re Symington*, 209 B.R. 678, 685 (Bankr. D. Md. 1997) (citations omitted). Here, Plaintiff's voluminous document requests to Defendant are unnecessarily burdensome, and appear

to be intended primarily to oppress Defendant without justification for such voluminous requests.  However, the purpose of many of the requests are unclear, such as, for example, "All documents evidencing loss by fire, wind, theft, casualty, gambling or otherwise" and "Any documents evidencing that Debtor has creditors".  The generally oppressive and burdensome nature of Plaintiff's requests for production of documents pursuant to Federal Rule of Bankruptcy Procedure 2004 require some justification to show that the proposed examination is intended to burden and harass the Debtor and to gain advantage in the adversary proceeding between Plaintiff and Debtor.  Thus, it is not clear that Plaintiff's request for the Rule 2004 examination is "relevant and reasonable." Plaintiff may be concerned about collection of his claim if it is determined to be non-dischargeable, but as indicated by the court at the status conference on March 10, 2014, if Plaintiff is successful in proving that his claims are non-dischargeable, Plaintiff may notice a judgment debtor examination of Defendant, but this would be post-judgment. Nevertheless, there may be a legitimate reason now for a Rule 2004 examination.  For example, if Plaintiff has some evidence showing fraudulent or post-petition transfers of assets by Defendant that require examination now, the court would consider ordering an examination.  However, if this is just a matter of Plaintiff's "belief," his request for Rule 2004 examination may not be relevant, nor reasonable, given the voluminous and burdensome requests made and the ongoing adversary proceeding, which permits discovery under the adversary rules of the Federal Rules of Bankruptcy Procedure, Rules 7026-7037.  This is why the Local Bankruptcy Rules and the case law provide for certain procedures for Rule 2004 examination, first the prefiling conference requirements to see if the parties can mutually agree to the date, time, place and scope of the examination and production of documents, and then, upon motion of the party seeking the examination, for the court to consider the relevance and reasonableness of the requested Rule 2004 examination under the circumstances of the case.

    At the status conference on March 10, 2015, the court ruled that the general discovery in this adversary proceeding under Rules 7026-7037 may be taken through

June 30, 2015. Status Conference and Scheduling Order, ECF 148, entered on April 30, 2015. Moreover, by its Scheduling Order entered on September 2, 2015, ECF 172, as amended on September 4, 2015, ECF 174, the period for such discovery in this adversary proceeding was extended to November 23, 2015.

IT IS HEREBY ORDERED that based on the foregoing, the Motion is DENIED without prejudice.

###

Date: September 10, 2015

_____
Robert Kwan
United States Bankruptcy Judge