FILED & ENTERED

SEP 14 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**RITA GAIL FARRIS-ELLISON,**<br><br>Debtor. | Case No. 2:11-bk-33861-RK<br><br>Chapter 7<br><br>Adv. No. 2:12-ap-01830-RK |
| **JAMES LEE CLARK,**<br><br>Plaintiff.<br><br>vs.<br><br>**RITA GAIL FARRIS-ELLISON, et al.**<br><br>Defendants. | **ORDER ON PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, DENYING SUMMARY JUDGMENT AND GRANTING MOTIONS IN PART TO STATE CERTAIN MATERIAL FACTS ARE NOT GENUINELY IN DISPUTE AND ARE TREATED AS ESTABLISHED IN THIS CASE** |

Pending before the court are the motions of Plaintiff James Lee Clark ("Plaintiff") for summary judgment. Plaintiff filed five separate motions for summary judgment. The First Motion for Summary Judgment was filed on May 12, 2014 (ECF 85). The Second Motion for Summary Judgment was filed on August 5, 2014 (ECF 93). The Third Motion for Summary Judgment was filed on August 11, 2014 (ECF 95). The Fourth Motion for Summary Judgment was filed on November 5, 2014 (ECF 106). The Fifth Motion for

Summary Judgment was filed on June 8, 2015 (ECF 155).  All five of Plaintiff's summary judgment motions relate to Plaintiff's Second Amended Complaint, and all five motions seek summary judgment against Defendant Rita Farris-Ellison ("Defendant").  The court has held multiple hearings on Plaintiff's Motions for Summary Judgment, the last of which was on August 25, 2015.  Plaintiff apparently filed multiple summary judgment motions to address the problems with the moving papers identified by the court at prior hearings.  In response to the Fifth Motion for Summary Judgment, counsel for Defendant filed a declaration declaring that Defendant did not file a written response to this motion for summary judgment in that neither his office nor Defendant was served with copies of Plaintiff's moving papers.  ECF 171.  At the last hearing on Plaintiff's Motions for Summary Judgment on August 25, 2015, Plaintiff appeared in pro per for himself.  James A. Bryant II, Attorney at Law, appeared for Defendant.

      The court briefly states its rulings on the motions and then gives its reasons for its rulings.  The court denies summary judgment against Defendant Farris-Ellison because Plaintiff has not met the standard for granting of summary judgment by showing as the party with the burden of proof in this adversary proceeding to prove his claims by a preponderance of the evidence that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law.  In his motions for summary judgment, Plaintiff asserts that he is entitled to summary judgment against Defendant on grounds that the state court judgment he obtained against Defendant in December 2013 is collateral estoppel on his claims against Defendant for determination of dischargeability of debt under 11 U.S.C. § 523(a)(2)(A).  Fourth Motion for Summary Judgment at 3–6; Fifth Motion for Summary Judgment at 8–10.  However, based on the evidentiary record before the court, Plaintiff has not established that the judgment he obtained in state court against Defendant has preclusive effect because the state court in its judgment did not indicate in the judgment or related order granting default judgment that judgment was being entered on Plaintiff's fraud claim in his state court complaint.  Despite Plaintiff's

arguments, the state court judgment or related order did not specify among the claims of the state court complaint, which included both fraud and non-fraud claims, which one or ones was or were the basis for the judgment in favor of Plaintiff and against Defendant. That is, by not specifying which claim judgment was entered on, judgment could have been entered on any one claim, or all of them, which included non-fraud claims.  One of the required elements to apply collateral estoppel under California law is that the issue for which preclusion is sought is that it must have been necessarily decided in the former proceeding, and because the state court did not indicate in its judgment which claim was being decided, judgment could have been entered on a claim other than fraud, and thus, collateral estoppel cannot be applied here because this element is not satisfied, and summary judgment cannot be granted.  However, the court does grant Plaintiff's motions in part to determine as an uncontested fact that Defendant Farris-Ellison owes Plaintiff a debt of $100,000 based on the state court judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, applicable to this adversary proceeding under Rule 7056 of the Federal Rules of Bankruptcy Procedure, the party moving for summary judgment has both an initial burden of production and the ultimate burden of persuasion that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. "Where the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States,* 799 F.2d 254, 259 (6th Cir. 1986), *quoted in,* 3 Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 14:124 at 14-42 - 14-43 (2015). "This requires the moving party to establish beyond controversy every essential element of its claim or defense: 'If the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish by peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor.'" 3 Wagstaffe,

3

*California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 14:126 at 14-43, *quoting, Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)(emphasis in original), *and citing inter alia, Southern California Gas Co. v. City of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003)(citing text).

Plaintiff's Second Amended Complaint, which is currently the operative complaint in this adversary proceeding, alleges seven causes of action against Defendants and Does 1 though 100: (1) violations of California Fair Debt Collection Act; (2) wrongful foreclosure under California Civil Code; (3) cancellation of trust deed under California Civil Code; (4) unfair business practices under California Business and Professions Code; (5) declaratory relief under California Civil Code; (6) accounting; and (7) fraud under 11 U.S.C. § 523. ECF 71. The seventh cause of action in Plaintiff's Second Amended Complaint alleges that "Defendant/Debtor Rita Ellison has perpetrated a fraud against Plaintiff and the court because she violated every law that permits valid bankruptcy" and "Resultingly, Plaintiff has suffered harm, and the prayer for relief in the Second Amended Complaint seeks "any and all relief" and "relief the court deems proper," but neither the seventh cause of action nor the prayer for relief for the cause of action requests denial of dischargeability of debt. ECF 71 at 13. Moreover, the seventh cause of action in the Second Amended Complaint asserted under 11 U.S.C. §523 does not specify which subprovision under that statute that Plaintiff is relying upon, even through the various subprovisions assert different causes of action. ECF 71 at 16; *see also, e.g.,* 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), (a)(4) and (a)(6). Because Plaintiff is a litigant appearing in pro per, the court accords some latitude to him in construing his pleadings, but his pleadings are not always well written and are sometimes difficult to understand. The court attempts to construe them as best it can be done, given Plaintiff's in pro per status, but the court cannot construe them too liberally if this would deny the other parties procedural due process without adequate notice of his claims.

4

1   In the Complaint (ECF 1) in a second and different adversary proceeding brought
2 by Plaintiff against Defendant, Adv. No. 2:14-ap-01088 RK, Plaintiff alleges three specific
3 claims for nondischargeability of debt under 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6)
4 with respect to the conduct described in the Second Amended Complaint at issue in this
5 adversary proceeding.  However, the court accords some latitude to Plaintiff as a self-
6 represented litigant and construes the seventh cause of action in the Second Amended
7 Complaint under 11 U.S.C. § 523 in the context of his Complaint in the other adversary
8 proceeding, Adv. No. 2:14-ap-01088 RK, that he is asserting three specific claims under
9 11 U.S.C. §523(a)(2)(A), (a)(4) and (a)(6).

10   Plaintiff bears the burden of proving his claims under 11 U.S.C. § 523(a)(2)(A),
11 (a)(4) and (a)(6) by a preponderance of the evidence that Defendant owes him a debt
12 which is excepted from discharge. *See Grogan v. Garner*, 468 U.S. 279, 291 (1991).

13   The elements of a claim under 11 U.S.C. § 523(a)(2)(A) based on false pretenses,
14 false representation or actual fraud require Plaintiff to prove: (1) Defendant made a
15 representation; (2) Defendant knew the representation was false at the time he or she
16 made it; (3) Defendant made the representation with the intent to deceive; (4) Plaintiff
17 justifiably relied upon the representation; and (5) Defendant sustained losses as a
18 proximate result of the misrepresentation having been made. *Ghomeshi v. Sabban (In re*
19 *Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010); *see also,* 4 March, Ahart and Shapiro,
20 *California Practice Guide: Bankruptcy*, ¶ 22:452 at 22-65 (2015).

21   The elements of a claim under 11 U.S.C. § 523(a)(4) based on fraudulent breach
22 of fiduciary duty require Plaintiff to prove: (1) Defendant was acting in a fiduciary
23 capacity; and (2) while acting in that capacity, the debtor engaged in fraud. *Lovell v.*
24 *Stanifer (In re Stanifer)*, 236 B.R. 709, 713 (9th Cir. BAP 1999); *see also*, 4 March, Ahart
25 and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 22:607 at 22-87.

26   The elements of a claim under 11 U.S.C. § 523(a)(4) based on embezzlement
27 require Plaintiff to prove: (1) property rightfully in the possession of the Defendant as a
28

nonowner; (2) the Defendant's appropriation as a nonowner of the property to a use other than which it was entrusted; and (3) circumstances indicating fraud. *Transamerica Commercial Finance Corporation v. Littleton (In re Littleton)*, 942 F.2d 551, 555 (9th Cir. 1991); *First Delaware Life Insurance Co. v. Wada (In re Wada)*, 210 B.R. 572, 576 (9th Cir. BAP 1997); see also 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 22:640 at 22-94.

The elements of a claim under 11 U.S.C. § 523(a)(6) require Plaintiff prove that Defendant both "willfully" and "maliciously" inflicted injury upon Plaintiff. *Ormsby* v. *First American Title Co. of Nevada* (*In re Ormsby*), 591 F.3d 1199, 1206 (9th Cir. 2010); see also, 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 22:670 at 22-97. Under 11 U.S.C. § 523(a)(6), the "willful injury" requirement is met when Plaintiff proves that the debtor had a subjective motion to inflict the injury or the debtor believed the injury was substantially certain to occur as a result of his or her conduct. *Petralia v. Jercich* (*In re Jercich*), 238 F.3d 1202, 1208 (9th Cir. 2001); *In re Ormsby*, 591 F.3d at 1206. Further, the "malicious injury" requirement is met when Plaintiff proves that Defendant committed: (1) a wrongful act; (2) done intentionally; (3) that necessarily causes injury; and (4) that is committed without just cause or excuse. *In re Jercich*, 238 F.3d at 1209.

Plaintiff's motions for summary judgment are based on grounds that the state court judgment he obtained against Defendant has collateral estoppel effect that the debt she owes him is the result of fraud. First Motion for Summary Judgment, ECF 85 at 3–5; Second Motion for Summary Judgment, ECF 93 at 3–6; Third Motion for Summary Judgment, ECF 95 at 3–6; Fourth Motion for Summary Judgment, ECF 106 at 3–6; and Fifth Motion for Summary Judgment, ECF 155 at 8–10.

With respect to the applicability of collateral estoppel or issue preclusion in debt dischargeability actions, as a matter of full faith and credit, federal courts must give the same preclusive effect to a state court judgment as would be given to that judgment

under the law of the state in which the judgment was rendered. 28 U.S.C. § 1738; *Bugna v. McArthur (In re Bugna),* 33 F.3d 1054, 1057 (9th Cir. 1994); *Younie v. Gonya (In re Younie),* 211 B.R. 367, 373 (9th Cir. BAP 1997). Collateral estoppel, or issue preclusion, applies in debt dischargeability proceedings under 11 U.S.C. § 523(a). *In re Bugna*, 33 F.3d at 1056-1057 citing *Grogan v. Garner*, 468 U.S. at 284 and n. 11. Under California law, the application of collateral estoppel requires that: (1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding; (2) the issue must have been actually litigated in the former proceeding; (3) it must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *Lucido v. Superior Court,* 51 Cal.3d 335, 341 (1990)(citations omitted); *see also, In re Younie,* 211 B.R. at 373, citing *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd*, 100 F.3d 110 (9th Cir. 1996). The party seeking to apply issue preclusion or collateral estoppel has the burden of proving that each element is satisfied. *In re Kelly*, 182 B.R. at 258 (citations omitted). To sustain this burden, a party must introduce a record sufficient to reveal the controlling facts and the exact issues litigated in the prior action. *Id.* Any reasonable doubt as to what was decided in the prior action will weigh against applying issue preclusion. *Id.*

      The fact that Plaintiff obtained the state court judgment against Defendant is undisputed. On June 19, 2013, this court entered an order in this case which granted Plaintiff relief from the automatic stay to proceed with a pending action in state court against Defendant, *James Clark v. Rita Farris-Ellison, et al.,* No. TC023636 (Superior Court of California, County of Los Angeles). ECF 86. On December 30, 2013, upon Plaintiff's request, the state court entered a judgment against Defendant in the amount of $100,000. *Judgment, Exhibit B to Fourth Motion for Summary Judgment*. These facts are not disputed as acknowledged by counsel for Defendant at the hearing on the

motions on August 25, 2015.  Colloquy between the court and Mr. Bryant, Counsel for Defendant, *Audio File for Hearing on Motions for Summary Judgment,* August 25, 2015 at 2:27-2:28 p.m.

With respect to the application of collateral estoppel, Plaintiff argues that all of the elements for collateral estoppel to apply exist here:

> In this case, each of the foregoing elements is fully satisfied.  First, the issue to be litigated in this matter is whether or not Debtor [Defendant] defrauded Plaintiff.  As described above, Plaintiff sued the Debtor for fraud in Los Angeles Superior Court.  The fraud claim asserted in the complaint is a misrepresentation claim (Fifth Amendment Complaint, Exhibit A (nine causes of action).  The Los Angeles Superior Court specifically awarded Plaintiff judgment on the fraud action (See election of Plaintiff to obtain fraud damages rather than contract damages in the Judge's decision, which is part of Exhibit B to Clark Decl.), thus, making it clear that Plaintiff actually litigated the fraud claim and the Los Angeles Superior Court decided the fraud claim against the Debtor.  Further the Judgment is final because no appeal has been filed and the time for filing an appeal has expired.  (Cal. Rule of Court 8.104(a)).  Finally, the Debtor is the individual against whom the Judgment was entered and is the same individual who is the defendant in this action.  Therefore, the Judgment collaterally estops the Debtor [] relitigating the fraud claim. *Grogan v. Garner*, 498 U.S. 279 (1991).

*Fourth Motion for Summary Judgment*, ECF 106 at 5–6.

The First Motion for Summary Judgment was procedurally defective to demonstrate that collateral estoppel applies here because no signed copy of the Judgment (an unsigned copy of the state court judgment was submitted, which is insufficient) and no copy of the state court complaint was submitted.  ECF 85.  Copies of the operative complaint in the state court action and the judgment entered are needed to determine what claims were at issue in the state court action and what was the decision of the state court in order for the court to determine if all of the elements of collateral estoppel exist to apply here.  The Second Motion for Summary Judgment was procedurally defective to demonstrate that collateral estoppel applies here because no copy of the state court complaint was submitted, though it was represented that it was attached to the Declaration of Adolf Glover in support thereof.  ECF 85 and 88.  The Third Motion for Summary Judgment was procedurally defective to demonstrate that collateral

1  estoppel applies here because it was merely a resubmission of the Second Motion for
2  Summary Judgment, which had been rejected by the Clerk of Court for insufficient notice
3  of hearing. ECF 93 and 94. The Fourth Motion for Summary Judgment remedied the
4  procedural defects of the earlier motions for summary judgment by submitting copies of
5  the signed state court judgment and the operative state court complaint, the Fifth
6  Amended Complaint. ECF 106 at 8–24.
7       The court has reviewed the Fourth Motion for Summary Judgment and evidence in
8  support of the Motion, and determines that the moving papers there do not establish that
9  all of the elements for collateral estoppel to apply here are satisfied to grant summary
10 judgment on Plaintiff's debt dischargeability claims under 11 U.S.C. § 523(a)(2)(A), (a)(4)
11 or (a)(6). As discussed above, Plaintiff argued that each of the five elements for
12 collateral estoppel to apply are met here, and the court discusses each of Plaintiff's
13 arguments on each element. As stated earlier, under California law, the application of
14 collateral estoppel requires that: (1) the issue sought to be precluded from relitigation
15 must be identical to that decided in a former proceeding; (2) the issue must have been
16 actually litigated in the former proceeding; (3) it must have been necessarily decided in
17 the former proceeding; (4) the decision in the former proceeding must be final and on the
18 merits; and (5) the party against whom preclusion is sought must be the same as, or in
19 privity with, the party to the former proceeding. *Lucido v. Superior Court,* 51 Cal.3d at
20 541.
21      Regarding element (1), identity of issues, Plaintiff argues: "First, the issue to be
22 litigated in this matter is whether or not Debtor [Defendant] defrauded Plaintiff. As
23 described above, Plaintiff sued the Debtor for fraud in Los Angeles Superior Court. The
24 fraud claim asserted in the complaint is a misrepresentation claim (Fifth Amendment
25 Complaint, Exhibit A (nine causes of action)." ECF 106 at 5. Plaintiff argues that the
26 issues in this proceeding on his claim under 11 U.S.C. § 523 in his seventh cause of
27 action in the Second Amended Complaint, ECF 71, is identical to his misrepresentation
28

claim in his state court complaint, the Fifth Amended Complaint, which appears to be the case in the Sixth and Seventh Causes of Action of that complaint for Constructive Fraud and Fraudulent Concealment. *Exhibit A to Fourth Motion for Summary Judgment,* ECF 106. The court determines that this element is shown.

Regarding element (2), actual litigation of identical issue in prior proceeding, Plaintiff argues: "The Los Angeles Superior Court specifically awarded Plaintiff judgment on the fraud action (See election of Plaintiff to obtain fraud damages rather than contract damages in the Judge's decision, which is part of Exhibit B to Clark Decl.), thus, making it clear that Plaintiff actually litigated the fraud claim and the Los Angeles Superior Court decided the fraud claim against the Debtor." ECF 106. Plaintiff's representation that the state court specifically awarded him judgment on the fraud action is not substantiated as the exhibit which allegedly demonstrates this, the "election of Plaintiff to obtain fraud damages rather than contract damages in the Judge's decision, which is part of Exhibit B to Clark Decl." is not in the moving papers. The court has carefully examined the moving papers for the Fourth Motion for Summary Judgment in both the Judge's copy provided by Plaintiff and the electronic copy on the case docket for this adversary proceeding, and the alleged exhibit could not be found as it was not attached to Plaintiff's declaration or any other document in the moving papers. The court also examined the Fifth Amended Complaint in the state court action and the judgment in the state court action and did not see that the state court had specifically awarded Plaintiff judgment on his fraud claims. *Exhibits A and B to Fourth Motion for Summary Judgment.* Plaintiff's Fifth Amended Complaint in the state court action alleged both fraud and non-fraud causes of action against Defendant. *Exhibit A to Fourth Motion for Summary Judgment.* The fraud causes of action in Plaintiff's Fifth Amended Complaint in the state court action against Defendant were: (1) Third Cause of Action for Conversion; (2) Sixth Cause of Action for Constructive Fraud; and (3) Seventh Cause of Action for Fraudulent Concealment. *Id.*

10

The non-fraud causes of action in Plaintiff's Fifth Amended Complaint in the state court action against Defendant were: (1) First Cause of Action for Breach of Contract; (2) Fourth Cause of Action for Negligence; (3) Fifth Cause of Action for Breach of Fiduciary Duty; and (4) Ninth Cause of Action for Interference with Prospective Economic Advantage. *Id.* The state court judgment itself only stated that ". . . [J]udgment shall be entered in favor of Plaintiff against Defendant Rita Gail Farris Ellison in the amount of $100,000, plus costs." *Id.* The judgment did not specify which cause of action it was based. *Id.* Based on this record, the court determines that this element of collateral estoppel is not shown.

Regarding element (3), the identical issue in prior proceeding was necessarily decided, Plaintiff did not make a specific argument. However, Plaintiff's pleading may be liberally construed that he meant to cover this element with his argument on the second element of actual litigation: "The Los Angeles Superior Court specifically awarded Plaintiff judgment on the fraud action (See election of Plaintiff to obtain fraud damages rather than contract damages in the Judge's decision, which is part of Exhibit B to Clark Decl.), thus, making it clear that Plaintiff actually litigated the fraud claim and the Los Angeles Superior Court decided the fraud claim against the Debtor." ECF 106 at 5. However, as discussed on the second element of actual litigation, there is no evidence that the state court necessarily decided the issue of fraud in rendering its judgment in favor of Plaintiff and as against Defendant. The state court judgment did not specify among the claims of the Fifth Amended Complaint, the operative state court complaint, which included both fraud and non-fraud claims, which one or ones was or were the basis for the judgment in favor of Plaintiff and against Defendant. *Exhibits A and B to Fourth Motion for Summary Judgment.* That is, by not specifying which claim judgment was entered on, the state court could have entered its judgment on any one of the causes of action in the Fifth Amended Complaint against Defendant, or all of them, which included non-fraud claims, such as breach of contract or negligence. Colloquy between the court and Plaintiff, *Audio*

*File for Hearing on Motions for Summary Judgment* on August 25, 2015 at 2:32-2:33 p.m. (Plaintiff acknowledging that it was his understanding that the state court was ruling on all of his claims against Defendant). As noted previously, the alleged exhibit of the "election of Plaintiff to obtain fraud damages rather than contract damages in the Judge's decision, which is part of Exhibit B to Clark Decl." was not in Plaintiff's moving papers and cannot serve as the evidentiary basis of a showing that the issue of fraud was necessarily decided in the prior state court litigation. Thus, Plaintiff's statement that "[t]he Los Angeles Superior Court specifically awarded Plaintiff judgment on the fraud action" is not factually supported in the record and is not proven. Accordingly, based on this record, the court determines that this element of collateral estoppel is not shown.

Regarding element (4), the decision in the former proceeding must be final and on the merits, Plaintiff argues: "Further the Judgment is final because no appeal has been filed and the time for filing an appeal has expired. (Cal. Rule of Court 8.104(a))." ECF 106 at 5. This element is not disputed. The state court judgment by its terms indicates that it is final. *Exhibit B to Fourth Motion for Summary Judgment.* Defendant has not filed any opposition on grounds that the state court judgment is not final. Based on this record, the court determines that this element of collateral estoppel is met.

Regarding element (5), the same party or parties in privity from the prior state court litigation, Plaintiff argues: "Finally, the Debtor is the individual against whom the Judgment was entered and is the same individual who is the defendant in this action." ECF 106 at 5. This element is not disputed. The same parties are involved in this litigation as in the prior state court litigation. Based on this record, the court determines that this element of collateral estoppel is met.

Based on the foregoing, Plaintiff is not entitled to summary judgment on his Fourth Motion for Summary Judgment based on collateral estoppel as not all of the elements for collateral estoppel are met.

12

The court has reviewed the Fifth Motion for Summary Judgment and the evidence in support of the Motion, and determines that the moving papers there do not establish that all of the elements for collateral estoppel to apply here are satisfied to grant summary judgment on Plaintiff's debt dischargeability claims under 11 U.S.C. § 523(a)(2)(A), (a)(4) or (a)(6). In the Fifth Motion for Summary Judgment, Plaintiff makes the same arguments in support of the applicability of collateral estoppel as in the Fourth Motion for Summary Judgment, but Plaintiff submitted an additional exhibit in support of his collateral estoppel arguments. *Exhibit A to Fifth Motion for Summary Judgment.* This new exhibit is a copy of the state court's Minute Order entered on December 30, 2013 entitled "Ruling on Submitted Matter" relating to the state court judgment of the same date. *Id.* In its Minute Order, the court made two express factual findings in support of the judgment being entered for Plaintiff and against Defendant, which were: (1) "He [Plaintiff] met his legal burden in proving that Defendant Rita Gail Farris-Ellison withheld and refused to return $100,000.00 that belonged to the Plaintiff" and (2) "The Court further finds that the Plaintiff did not meet his legal burden in his request for punitive damages. (Civil Code section 3294 subdivision (a))." *Id.*

The state court's two factual findings in its Minute Order do not change the analysis for collateral estoppel as to both the Fourth and Fifth Motions for Summary Judgment. The limited language of the state court's first factual finding that Defendant "withheld and refused to return $100,000.00 that belonged to the Plaintiff" does not indicate that such withholding and refusal to return money to Plaintiff was due to fraud or willful and malicious conduct to support claims for nondischargeability of debt under 11 U.S.C. § 523(a)(2)(A), (a)(4) or (a)(6) and could have been attributable to any one of the non-fraud causes of action in the Fifth Amended Complaint in the state court action, such as breach of contract, negligence, breach of fiduciary duty or interference with prospective economic advantage. In its judgment and in its minute order stating its ruling to enter judgment for Plaintiff, the state court did not specifically identify any of the claims

13

in Plaintiff's Fifth Amended Complaint as the basis of its judgment and did not specifically state that it found for Plaintiff on his claims for fraud and conversion which would probably support Plaintiff's argument for collateral estoppel here.

The court's second factual finding that Plaintiff failed to prove entitlement to punitive damages indicates that it found that Defendant was not guilty of oppression, fraud or malice, which undercuts Plaintiff's argument that collateral estoppel for fraud or malice should apply here.  *See* California Civil Code §3294(a) (stating "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.").  Arguably, the state court's finding that there are no grounds for punitive damages might support Defendant's position that there was no fraud or malice, but for the different standard of proof under state law requiring clear and convincing evidence for punitive damages, but here, the standard for debt dischargeability in these proceedings is preponderance of the evidence as discussed earlier.  For the foregoing reasons, the court determines that Plaintiff has not adequately demonstrated that collateral estoppel applies here to grant his motions for summary judgment.

Even though Plaintiff cannot rely on collateral estoppel to prove his claims under 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6), Plaintiff can still prove he is entitled to summary judgment on his claims if he has enough evidence, with or without the state court judgment, to prove there is an absence of a genuine issue of material fact with respect to each of the previously mentioned elements under 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6), which he has argued in his Fifth Motion for Summary Judgment.  *See, e.g.,* 3 Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 14:126 at 14-43, *quoting, Fontenot v. Upjohn Co.*, 780 F.2d at 1194, *and citing inter alia, Southern California Gas Co. v. City of Santa Ana,* 336 F.3d at 888.  In addition to

collateral estoppel, Plaintiff makes two arguments in the Fifth Motion for Summary Judgment that he is entitled to summary judgment based on (1) evidence that Defendant's omitting him as a creditor on her original bankruptcy schedules is a fraudulent act which makes the debt based on the state court judgment nondischargeable under 11 U.S.C. § 523(a)(2)(A); and (2) such omission as well as her failure to pay the judgment was a willful act that repeatedly caused him severe harm making the debt nondischargeable under 11 U.S.C. § 523(a)(6). Plaintiff has not shown that he is entitled to summary judgment on these grounds as well.

First, Plaintiff has not shown, based on these arguments, that he would be entitled to judgment as a matter of law. Plaintiff argues that Defendant fraudulently omitted him from listing him as a creditor on her bankruptcy schedules, even though he had a state court judgment against her. *Plaintiff's Fifth Motion for Summary Judgment,* ECF 155 at 5 ("*Prima facie,* the debt is $100,000 judgment awarded to Clark; yet, Farris willfully did not disclose that judgment. She had several endeavor; when she first filed; later she had time post-judgment (she was served, see Attachment "E" in PSOUMFS). Then, Farris waited another several months BEFORE she disclosed Clark as her secured creditor on her bankruptcy petition. As long as Clark can sustain his burden under this paradigm, as stated below, the court can granted summary judgment.") This does not make sense as a matter of chronology because Defendant was required to file her bankruptcy schedules with her bankruptcy petition when she filed it on June 1, 2011. ECF 1 and 3 in Case No. 2:11-bk-33861 RK. The bankruptcy schedules which Defendant filed on June 1, 2011 did not list Plaintiff as a creditor. ECF 3. However, Plaintiff did not obtain the state court judgment until sometime later on December 30, 2013. *Exhibit A to Fifth Motion for Summary Judgment.* The court does not see how Defendant would have listed Plaintiff as a judgment creditor before the judgment was entered.

Plaintiff's argument may be really that Defendant could have listed Plaintiff as a creditor based on his pending state court lawsuit on her original bankruptcy schedules

15

filed on June 1, 2011, which she eventually did when she filed amended bankruptcy schedules on April 18, 2012 listing him as a creditor from a lawsuit filed in October 2009 and indicating that his claim was disputed. 2:11-bk-33861-RK, ECF 61. If this is the case, Plaintiff has not shown how the elements of the claims under 11 U.S.C. § 523(a)(2)(A) and (a)(6) are met here since they are not discussed or shown how they are satisfied based on supporting evidence. Plaintiff does not explain, let alone show, how Defendant's failure to list him on her original bankruptcy schedules as a creditor harmed him in themselves to support a § 523(a) claim since this is a "no distribution" case and he would not have been affected as a claim creditor and Defendant amended her schedules to add him as a creditor only 10 months after she filed her original bankruptcy schedules in April 2012, whereupon <u>afterwards</u> in June 2012 he filed his action to determine debt dischargeability, which would have probably been needed anyway for him to collect his claim outside of bankruptcy.

Accordingly, the court determines that Plaintiff has not met his burden of showing that he is entitled to summary judgment and therefore, his request that the court enter summary judgment against Defendant should be denied.

However, Federal Rule of Civil Procedure 56(g), made applicable through Federal Rule of Bankruptcy Procedure 7056, "[I]f the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damage or other relief—that is not genuinely in dispute and treating the fact as established in the case." Based on the undisputed evidence submitted on Plaintiff's motions for summary judgment as well as the acknowledgment by counsel for Defendant during oral argument that Plaintiff has a judgment for $100,000 against Defendant, the court determines that the following are material facts that are not genuinely in dispute and will be treated as established in this case:

(1) Defendant Rita Farris-Ellison is indebted to Plaintiff James Clark in the amount of $100,000.00 based on the judgment of the Superior Court of California for

16

the County of Los Angeles in the case of James Lee Clark v. Rita Farris Ellison, et al., Case No. TC 023636, entered on December 30, 2013;

(2) The Superior Court of California for the County of Los Angeles based its judgment on its factual finding that Plaintiff James Clark met his legal burden of proving that Defendant Rita Gail Farris-Ellison withheld and refused to return $100,000.00 that belonged to the Plaintiff.

Based on the foregoing reasons, Plaintiff's motions for summary judgment are denied in part and granted in part whereby summary judgment is denied and the court determines that certain material facts described above are not genuinely in dispute and are treated as established in this case. Otherwise, the parties have the opportunity to prove or disprove the claims and defenses relating to the operative pleadings in this adversary proceeding, such as Plaintiff's Second Amended Complaint, and Defendant's Answer to the Second Amended Complaint, at trial.

IT IS SO ORDERED.

###

Date: September 14, 2015

Robert Kwan
United States Bankruptcy Judge