FILED & ENTERED

SEP 25 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**OPINION NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br>**RITA GAIL FARRIS-ELLISON,**<br>Debtor.<br><br>**JAMES LEE CLARK,**<br>Plaintiff,<br>vs.<br>**RITA GAIL FARRIS-ELLISON, et al.,**<br>Defendants. | Case No. 2:11-bk-33861-RK<br><br>Chapter 7<br><br>Adv. No. 2:12-ap-01830-RK<br><br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD DEFENDANT, FLAGSTAR BANK, AND DIRECTING ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b) FOR ABSTENTION AND DISMISSAL AS TO FLAGSTAR BANK, FSB, FIRST AMERICAN TITLE INSURANCE COMPANY AND INVESTORS TITLE COMPANY, INC., FROM THIS ADVERSARY PROCEEDING** |

Pending before the court is the Motion of Plaintiff James Clark ("Plaintiff") to Amend Complaint to Add Defendant, Flagstar Bank ("Flagstar"), filed on July 10, 2015 (ECF 161) ("Motion"). After the Motion was filed, the court reviewed the Motion and issued a Tentative Ruling and Order for Briefing on Further Motion of Plaintiff James Clark to Amend Complaint to Add Defendant, Flagstar Bank, entered on July 22, 2015

(ECF 165). The court issued its Tentative Ruling requesting the parties to brief the question whether the court should enter a final judgment on the Motion pursuant to Federal Rule of Civil Procedure 54(b), made applicable by Federal Rule of Bankruptcy Procedure 7054, since the court granted Flagstar's motions to dismiss and the court had denied Plaintiff's motions to reconsider or vacate its orders granting Flagstar's motions to dismiss or adding it back as a party. After the parties submitted briefing in response to the court's Tentative Ruling and Order, the court conducted a hearing on the Motion on August 25, 2015. Plaintiff appeared for himself. Frederick A. Haist, of the law firm of Palmer, Lombardi & Donohue, LLP, appeared for Flagstar. James A. Bryant II, Attorney at Law, appeared for Defendant Rita Farris-Ellison, Debtor ("Debtor").

On June 21, 2012, Plaintiff commenced this adversary proceeding by filing his Complaint ("original Complaint") which named as defendants Debtor, Flagstar and other parties, First American Title Insurance Company and Investors Title Company, Inc., and asserted state law claims against these defendants relating to a real property loan refinancing transaction relating to his real property at 625 Laconia Blvd., Los Angeles, CA 90044, including breach of contract, breach of implied covenant of good faith and fair dealing, conversion, negligence, breach of fiduciary duty, constructive fraud, fraudulent concealment, wrongful foreclosure and interference with prospective economic advantage, and these parties were allegedly involved in this transaction, Debtor as the loan broker, Flagstar as lender and First American Title Insurance Company and Investors Title Company, Inc., as title insurers. ECF 1. Plaintiff's Complaint also alleged a claim against Debtor for determination of debt non-dischargeability under 11 U.S.C. § 523. *Id.*

At the time Debtor commenced the underlying bankruptcy case by filing her voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C., on June 1, 2011, Plaintiff had a pending lawsuit in state court against the same parties for the same or similar claims, which lawsuit became stayed from the automatic stay arising from this bankruptcy case. *See* Original Complaint (filed October 22, 2009), First Amended

Complaint (undated), Second Amended Complaint (filed on April 19, 2010), Third Amended Complaint (filed on May 18, 2010), Fourth Amended Complaint (filed on August 25, 2010) and Fifth Amended Complaint (filed on December 15, 2010) in Clark v. Farris-Ellison, et al., TC023636 (Superior Court of California for County of Los Angeles), Exhibits 1-4, 25 and 26 to Defendant Flagstar Bank, FSB's Request for Judicial Notice in Support of Motion to Dismiss Adversary Complaint and Motion for Abstention, filed on August 8, 2012 (ECF 7).  In response to Plaintiff's original Complaint in this adversary proceeding, Flagstar filed a motion to dismiss the original Complaint as to them and a motion for abstention, filed on August 8, 2012 (ECF 6).  Flagstar moved to dismiss Plaintiff's original complaint as to it and related parties based on abstention principles and for abstention since the dispute as to them and Plaintiff were noncore state law claims in which there was already a pending action in state court.  *Id.*  First American Title Insurance Company filed a joinder in Flagstar's motion to dismiss the original Complaint and motion for abstention.

      The court conducted a hearing on Flagstar's motion to dismiss Plaintiff's original complaint and motion for abstention on September 4, 2012.  During the hearing on September 4, 2012, the parties and the court discussed the status of Plaintiff's state court litigation wherein the state trial court had sustained demurrers of Flagstar and First American Title Insurance Company to his claims against these parties in his Fifth Amended Complaint without leave to amend, and granted Flagstar's motion to dismiss it as a party, which Plaintiff had pending appeals before the state appellate court.  Minute Order: Ruling on Submitted Order, entered on May 16, 2011, and Order Dismissing Defendant Flagstar Bank, FSB From the Action, in Clark v. Farris-Ellison, et al., TC023636 (Superior Court of California for County of Los Angeles), and Appellate Courts Case Information, 2nd Appellate District, for Clark v. First American Title Insurance Company, et al, Division 8, Case Number B233746, Exhibits 27, 28 and 29 to Defendant Flagstar Bank, FSB's Request for Judicial Notice in Support of Motion to Dismiss Adversary Complaint and Motion for Abstention, filed on August 8, 2012 (ECF 7).  The

3

claims in Plaintiff's original Complaint in this adversary proceeding were mostly the same or substantially similar to those in his Fifth Amended Complaint in the state court action related to his real property at 625 Laconia Blvd., Los Angeles, CA 90044, and he had apparently modified his Fifth Amended Complaint in the state court action for the original Complaint in the adversary proceeding since both documents have some of the same allegations and claims and the same footer of "Fifth Amended Complaint."  Specifically, the Third and Sixth Causes of Action for Conversion in the original Complaint in this adversary proceeding are substantially similar to the Third Cause of Action for Conversion in the Fifth Amended Complaint in the state court action.  The Fourth Cause of Action for Breach of Contract in the original Complaint in this adversary proceeding is substantially similar to the First Cause of Action for Breach of Contract in the Fifth Amended Complaint in the state court action.  The Fifth Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing in the original Complaint in this adversary proceeding is substantially similar to the Second Cause of Action for Breach of Implied Covenant and Fair Dealing in the Fifth Amended Complaint in the state court action.  The Seventh Cause of Action for Negligence in the original Complaint in this adversary proceeding is substantially similar to the Fourth Cause of Action for Negligence in the Fifth Amended Complaint in the state court action.  The Eighth Cause of Action for Breach of Fiduciary Duty in the original Complaint in this adversary proceeding is substantially similar to the Fifth Cause of Action for Breach of Fiduciary Duty in the Fifth Amended Complaint in the state court action.  The Ninth Cause of Action for Constructive Fraud in the original Complaint in this adversary proceeding is substantially similar to the Sixth Cause of Action for Constructive Fraud in the Fifth Amended Complaint in the state court action.  The Tenth Cause of Action for Fraudulent Concealment in the original Complaint in this adversary proceeding is substantially similar to the Seventh Cause of Action for Fraudulent Concealment in the Fifth Amended Complaint in the state court action.  The Eleventh Cause of Action for Wrongful Foreclosure in the original Complaint in this adversary proceeding is substantially similar to the Eighth Cause of Action for

Wrongful Foreclosure in the Fifth Amended Complaint in the state court action. After hearing the argument of the parties, including Plaintiff, the court orally ruled, granting the motion to dismiss and the motion for abstention, and instructed Flagstar to lodge a proposed order.

The court entered an order granting the motion to dismiss the original Complaint on September 6, 2012, adopting its tentative ruling stating:

> The court [is] inclined to grant defendant Flagstar Bank's motion to dismiss based on permissive abstention principles because the claims against the bank are noncore state law claims, there is a related proceeding commenced in state court which has heard or is hearing such claims, subject matter jurisdiction is lacking other than 'related to' jurisdiction under 28 U.S.C. 1334, it is likely that the commencement of the proceeding in the bankruptcy court against this defendant involves forum shopping, it would be a burden on the bankruptcy court's docket to hear this matter, and this matter involves nondebtor parties. *In re Tucson Estates,* 912 F.2d 1162 (9th Cir. 1990). Appearances are required.

ECF 19. The court in its order of September 6, 2012 on Flagstar's motions to dismiss the original Complaint and for abstention further stated that "[t]he Court grants the motion to dismiss in its entirety without leave to amend" and "[t]he Complaint is dismissed based on permissive abstention as to defendants Flagstar, Investors Title Company, Inc., and First American Title Insurance Company, and plaintiff may not refile his claims as to these defendants in this court without prior authorization of this court." *Id.*

Before the court entered its order on Flagstar's motion to dismiss Plaintiff's original Complaint and motion for abstention as to it and related parties, which was entered on September 6, 2012, Plaintiff on August 28, 2012 filed a "Motion [for] Leave to File First Amended Complaint" (ECF 15) and the "[Proposed] First Amended Complaint" (ECF 16). The court's order granting Flagstar's motion to dismiss Plaintiff's original Complaint and motion for abstention entered on September 6, 2012 prohibited him from refiling his claims against Flagstar and the title companies without obtaining prior authorization from the court, but Plaintiff was not in violation of the September 6, 2012 order when he filed the motion for leave to file the First Amended Complaint and the [Proposed] First Amended Complaint on August 28, 2012. Plaintiff was allowed to serve and file his First

Amended Complaint on August 28, 2015 under Federal Rule of Civil Procedure 15(a)(1)(B), made applicable by Federal Rule of Bankruptcy Procedure 7015, because it was served within 21 days of service of Flagstar's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on August 8, 2012.  Although Plaintiff's service of the First Amended Complaint on August 28, 2012 had the effect of rendering Flagstar's motion to dismiss the original Complaint moot because the First Amended Complaint superseded the original Complaint, the First Amended Complaint did not moot Flagstar's motion for abstention.  At the hearing on Flagstar's motion to dismiss and for abstention, the court indicated that it would abstain from hearing the matter as to Flagstar and the title companies, but not as to Debtor.  However, the court's order for dismissal entered on September 6, 2012 granted Flagstar's motion to dismiss the original Complaint based on permissive abstention and stated that it "dismisses Flagstar, Investors Title Company, Inc., and First American Title Insurance Company from Clark's adversary Complaint," but did not expressly refer to the motion for abstention.  ECF 19.

On October 29, 2012, Plaintiff filed a document with the primary caption "[PROPOSED] SATMENT OF THE CASE" (ECF 24), which contained allegations against Debtor as well as allegations against Flagstar and related parties referred to in the document as defendants, and listed Flagstar and related parties as parties in the case caption.  It appears that Plaintiff took his original Complaint (ECF 1) and took out the claim headings to create this document because the secondary caption on this document stated: "Complaint Objecting to Discharge," which was the same caption as the original Complaint and the First Amended Complaint.  Flagstar construed this document as a new complaint against it and filed a second motion to dismiss Plaintiff's complaint and a second motion for abstention (ECF 30) as well as a separate motion for sanctions for disobeying the court's order dismissing the complaint as to Flagstar and related parties. ECF 32.  The grounds asserted in Flagstar's second motion to dismiss and for abstention were essentially the same based on abstention principles.  The hearings on these motions were conducted on November 27, 2012, and Plaintiff did not appear at the

hearings on these motions. The court granted Flagstar's motions to dismiss and for sanctions by orders entered on December 3, 2012. ECF 41 and 42. The order granting Flagstar's motion to dismiss entered on December 3, 2012 stated that the October 29, 2012 Complaint was dismissed with prejudice and without leave to amend on grounds that Plaintiff's failure to oppose the motion indicated his consent to granting of relief under the court's rules and that the October 29, 2012 Complaint violated the court's September 6, 2012 order. ECF 41; *see also* Local Bankruptcy Rule 9013-1(h).

On January 8, 2013, Plaintiff filed a motion for reconsideration/correction of the December 3, 2012 Order granting Flagstar's motion to dismiss Plaintiff's First Amended Complaint. ECF 49. In his motion, Plaintiff argued that "[t]he court can per the FRCP Rule 59 and the law reconsider and permit Plaintiff-creditor, Clark to pursue his claim and his money from Debtor Ellison." *Id.* at 6. Plaintiff's moving papers did not mention, let alone address, Flagstar or the title companies, the defendants which had moved for dismissal from his complaints rather than Debtor. *Id.* at 1-7. The court conducted a hearing on that motion on March 26, 2013. The court denied the motion by order entered on May 23, 2013.

On February 22, 2013, Debtor filed a motion for abstention requesting that the court abstain from hearing Plaintiff's noncore, nonbankruptcy law claims against her, which were also pending in the state court action, based on permissive abstention. ECF 65. On March 11, 2013 and March 25, 2013, Plaintiff filed his oppositions to Debtor's abstention motion, stating that the court had federal jurisdiction over his claims against Debtor. ECF 74 and 75. After a hearing, the court entered an order granting Debtor's motion for abstention on June 19, 2013, which abstained from hearing Plaintiff's nonbankruptcy law claims pending in the state court action based on permissive abstention, but did not abstain on Plaintiff's federal bankruptcy law claims against Debtor for determination of debt dischargeability under 11 U.S.C. § 523. ECF 81. In the state court action, the state court entered a judgment in favor of Plaintiff and against Debtor on his nonbankruptcy law claims in the amount of $100,000; copies of the state court

judgment and minute order for entry of judgment are attached as Exhibit A to Plaintiff's Motion for Summary Judgment against Debtor, filed on June 8, 2015 (ECF 155).

On March 6, 2013, Plaintiff filed his second amended complaint for equitable relief and damages, naming Debtor and Does 1 through 100 as defendants.  ECF 71.  In the second amended complaint, Plaintiff alleged eight causes of action relating to a deed of trust on his property located at 625 Laconia Blvd., Los Angeles, CA 90044, including for violations of the California Fair Debt Collection Act, for wrongful foreclosure under California Civil Code § 2924a-l, for cancelation of deed trust under California Civil Code § 3412, for unfair business practices under California Business & Professions Code § 17200, for declaratory relief under California Code of Civil Procedure § 1060, for accounting of monies, and for fraud and violation of 11 U.S.C. § 523.  *Id.*  In footnote 2 of the Second Amended Complaint, Plaintiff named First American Title Insurance Company as Doe Defendant 2, who was named as a defendant in the original Complaint, and Plaintiff's naming of this party as a defendant again in a new pleading was in violation of the court's order of September 6, 2012 requiring prior court authorization before filing new claims against it.

On April 3, 2013, Debtor filed a motion for relief from stay in this bankruptcy to allow Plaintiff's state court case, Superior Court No. TC023636, to proceed.  Case number 2:11-bk-33861-RK, ECF 69.  The court entered an order granting that motion on June 19, 2013. Case number 2:11-bk-33861-RK, ECF 86.

On June 4, 2013, Plaintiff filed a motion for relief from the automatic stay in this bankruptcy case to allow him to proceed in litigation against Debtor in a state court case, Superior Court No. TC026943.  Case number 2:11-bk-33861-RK, ECF 81.  On September 17, 2013, the court entered an order granting that motion.  Case number 2:11-bk-33861-RK, ECF 90.

On March 2, 2015, Plaintiff filed a motion to vacate the order dismissing Flagstar (ECF 122), which was heard on April 14, 2015 on grounds that leave should be freely granted to amend pleadings under Federal Rule of Civil Procedure 15(a).  Flagstar filed

opposition on grounds that the prior orders for dismissal of it as a party were final orders not subject to reconsideration and that reconsideration of dismissal of Flagstar had been given and denied. The court heard argument on the motion on April 14, 2015, and Plaintiff failed to appear at the hearing on this motion of his. The court denied the motion on grounds that it did not see a legal basis for further reconsideration of its prior orders dismissing the complaints against Flagstar and denying reconsideration of those orders. The court entered a formal order denying the motion was entered on July 22, 2015 (ECF 164).

Meanwhile, Plaintiff's appeal of the Superior Court's orders sustaining the demurrers of Flagstar, Investors Title Company, and First American Title Insurance Company to the Fifth Amended Complaint in the state court action without leave to amend and dismissing Flagstar as a defendant to the action were dismissed on a final basis by the District Court of Appeal on January 24, 2013. ECF 140-10, Flagstar Bank's Request for Judicial Notice, Exhibit 9.

On July 10, 2015, Plaintiff filed the instant motion, his Motion to Add Defendant, Flagstar Bank (ECF 161), which is essentially another motion for reconsideration of the court's prior orders dismissing his complaints against Flagstar and the title companies without leave to amend based on abstention. Although Plaintiff cites Federal Rule of Civil Procedure 15(a) for leave to amend, as discussed herein, the policy for liberality in amendment of pleadings is outweighed by the concerns discussed herein that the court should abstain from hearing Plaintiff's claims against Flagstar.

Having ruled upon two motions of Flagstar to dismiss Plaintiff's complaints and two prior motions of Plaintiff for reconsideration of orders dismissing Plaintiff's complaints against Flagstar and the title companies based on abstention principles,[1] the court had reached the tentative conclusion, and now has reached the final conclusion, having heard

---

[1] Motion for Reconsideration From the Order of Dismissal and Sanctions Entered Against Debtor, James Lee Clark (ECF 49); Motion to Vacate the Order Dismissing Defendant Flagstar Bank and Allowing Plaintiff to Amend the Complaint to Add a Legal Basis to Include Flagstar (ECF 122)

from the parties, that it should enter final judgment on Plaintiff's pending motion for reconsideration of the prior dismissal orders based on abstention because ruling on further such motions of Plaintiff to bring Flagstar back into this adversary proceeding would be futile because the court does not see any reason to change its original view that it should abstain from hearing Plaintiff's noncore, nonbankruptcy law claims against nondebtor parties, Flagstar and the title companies, which Plaintiff had litigated in the state court system at both the trial and appellate levels. As indicated by the state court record, Plaintiff had six tries to plead proper claims against Flagstar and the title companies through an original and five amended complaints, resulting in sustained demurrers to these complaints, the last of which was sustained without leave to amend. ECF 7.

In this court's view, it is pointless for Plaintiff to have this court continue denying his motions to bring Flagstar back into this adversary proceedings, so he can relitigate the noncore, nonbankruptcy law claims against it and the title companies, which have been resolved on a final basis in the state court system, and if the court is incorrect about this, Plaintiff should have an opportunity to have a federal appellate court review the correctness of this bankruptcy court's denial of his motions to allow him to litigate his noncore, nonbankruptcy law claims against nondebtor parties, Flagstar, and the title companies, if he believes that it erred in so denying his motions. Accordingly, the court had issued its Tentative Ruling that it should deny Plaintiff's motion to add Flagstar as a defendant and enter a final judgment pursuant to Federal Rule of Civil Procedure 54(b) because it had previously dismissed Flagstar and the title companies from prior complaints on permissive abstention principles. The parties, Plaintiff and Flagstar, filed briefing in response to the Tentative Ruling. Plaintiff in his brief on the pending motion (ECF 168) did not directly address whether the court could or should enter final judgment as to Plaintiff's claims against Flagstar in order to allow Plaintiff to appeal that judgment. Flagstar in its brief (ECF 169), argued that this case does not meet the standard to issue a final judgment under Federal Rule of Civil Procedure 54(b).

Federal Rule of Civil Procedure 54(b), made applicable here by Federal Rule of Bankruptcy Procedure 7054(a), states, in pertinent part: "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  As a threshold issue, this action has multiple parties, because Flagstar is one of multiple defendants named in Plaintiff's adversary complaints.  The court's prior orders on motions of Flagstar and the title companies to dismiss and Plaintiff's motions to reconsider or vacate the orders dismissing the action as to Flagstar and the title companies are not final orders under Rule 54(b).  As discussed above, there is no just reason for delay of the entry of final judgment as to these parties because the adversary proceeding will not go forward against them based on the court's prior rulings on abstention and dismissal of these parties, which Plaintiff is repetitively contesting.

The court disagrees with Flagstar's arguments concerning Rule 54(b)'s application to the facts of this case.  Flagstar correctly identified some of the relevant factors the court should consider in determining whether to direct entry of judgment under Rule 54(b), as stated in *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). The court should make specific findings which include "a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court."  *Id.*  Flagstar argues that the appellate court will be confronted with issues that are similar to issues that remain before this court, such as breach of contract. *Flagstar Bank, FSB's Statement on Tentative Ruling,* ECF 169 at 5:1-5.  This is incorrect because the prior dismissal order specifically stated that "[t]he Complaint is dismissed based on permissive abstention as to defendants Flagstar, Investors Title Company, Inc., and First American Title Insurance Company."  ECF 19 at 2:19-21.  Therefore, the only issue before the appellate court reviewing this court's

11

dismissal order will be whether this court erred in permissively abstaining from hearing Plaintiff's noncore, nonbankruptcy law claims against nondebtor parties, Flagstar and the title companies.  The court's decision here to permissively abstain as to Flagstar, Investors Title Company, Inc., and First American Title Insurance Company does not present the same substantive factual or legal issues as Plaintiff's bankruptcy law claims for determination of debt dischargeability against Debtor, the remaining defendant, still pending before this court.

Flagstar also cites Plaintiff's likelihood to appeal as a reason to avoid entering judgment under Rule 54(b).  *Flagstar Bank, FSB's Statement on Tentative Ruling,* ECF 169 at 4:27-28.  The court finds that this likelihood of appeal weighs in favor of entering final judgment because the court has had to rule upon Flagstar's repetitive motions to dismiss these parties and for abstention to hear claims against these parties and upon Plaintiff's repetitive motions for reconsideration of its dismissal and abstention ruling regarding these parties.  By allowing Plaintiff to appeal a final judgment on the issue of abstention, the issue of whether the court properly dismissed Flagstar and the title companies based on permissive abstention will be finally adjudicated and resolved.   As indicated by the prior history of this case, not entering final judgment will likely mean further litigation of the same issue of abstention on probable further motions for reconsideration of dismissal of Flagstar and the title companies as parties. Thus, entering final judgment now under Rule 54(b) is "in the interest of sound judicial administration," which was identified as a relevant factor by the Supreme Court in *Curtiss-Wright Corporation v. General Electric Co.*, 446 U.S. 1, 8 (1980).  The court notes that its determination to enter a final judgment under Rule 54(b) must be given "substantial deference" because it is "'the one most likely to be familiar with the case and with any justifiable reasons for delay.'"  *Morrison-Knudsen Co. v. Archer*, 655 F.2d at 965, *citing Curtiss-Wright Corporation*, 446 U.S. at 10.

For the reasons stated above, the court finds that the reviewing court will not be confronted with any factual or legal issues that are similar to those contained in the

Case 2:12-ap-01830-RK    Doc 186    Filed 09/25/15    Entered 09/25/15 17:44:14    Desc
Main Document    Page 13 of 17

claims still pending before the court and entering final judgment under Rule 54(b) is in the interest of sound judicial administration.

In rendering final judgment as to Flagstar and the title companies, the court believes that it should also clarify its prior orders regarding the motions brought by the parties.  The prior orders were not final orders, and it appears that the wording of the orders did not completely effectuate the court's intent to abstain from hearing Plaintiff's noncore claims based on nonbankruptcy law against nondebtor parties, including Flagstar and the title companies.  Specifically, in granting Flagstar's motion to dismiss Plaintiff's original Complaint, the court indicated that it was granting Flagstar's motion to dismiss based on permissive abstention principles, but did not specifically rule on Flagstar's other motion for abstention, and the court now amends its prior order to effectuate its intent to grant Flagstar's companion motion for abstention.  That order should be corrected in any event as well because Plaintiff's filing and serving of his First Amended Complaint had the effect of superseding his original Complaint, and thus, rendered Flagstar's motion to dismiss that complaint moot.  It appears that no one, including the court, appreciated the effect of Plaintiff's filing and serving the First Amended Complaint rendering Flagstar's motion to dismiss the original Complaint moot at the hearing on Flagstar's motion to dismiss the original Complaint and motion for abstention on September 2, 2012 because the parties argued the motion to dismiss based on the apparent assumption that it was not moot.  The parties did not consider Flagstar's motion to dismiss moot because Plaintiff filed a motion for leave to file the First Amended Complaint, labelling it as "[Proposed]," although he had the right to amend the complaint on his own if it were amended or filed within 21 days of the service of the motion to dismiss under Federal Rule of Civil Procedure 12(b), and Flagstar submitted a proposed order granting the motion to dismiss on the merits, not realizing that it was rendered moot under Federal Rule of Civil Procedure 15(a).

Accordingly, by this order, the court clarifies and amends its prior order on Flagstar's motion to dismiss the original Complaint and motion for abstention, entered on September 6, 2012. ECF 19.

The court vacates its ruling as to Flagstar's motion to dismiss the original Complaint under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's filing of his First Amended Complaint rendered that motion moot because the First Amended Complaint superseded the original Complaint because it was filed within 21 days of service of Flagstar's Rule 12(b) motion pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). The court specifically and expressly grants Flagstar's motion for abstention based on permissive abstention. In this regard, the court substantially reaffirms its tentative ruling on Flagstar's motion to dismiss the original Complaint and motion for abstention restated in the original order on those motions. ECF 19 (stating "The court [is] inclined to grant defendant Flagstar Bank's motion to dismiss based on permissive abstention principles because the claims against the bank are noncore state law claims, there is a related proceeding commenced in state court which has heard or is hearing such claims, subject matter jurisdiction is lacking other than 'related to' jurisdiction under 28 U.S.C. 1334, it is likely that the commencement of the proceeding in the bankruptcy court against this defendant involves forum shopping, it would be a burden on the bankruptcy court's docket to hear this matter, and this matter involves nondebtor parties. *In re Tucson Estates,* 912 F.2d 1162 (9th Cir. 1990). Appearances are required.").

The court exercises its discretion to permissively abstain under 28 U.S.C. §1334(c)(1) based on the principles set forth in *In re Tucson Estates, Inc.,* 912 F.2d 1162 (9th Cir. 1990) to abstain from hearing Plaintiff's claims against Flagstar Bank, First American Title Insurance Company and Investors Title Company, and these parties named as defendants in the original and subsequent complaints are dismissed from this adversary proceeding. As shown by the original Complaint and the First Amended Complaint, Plaintiff's claims against these nondebtor parties are noncore state law claims. There was a related proceeding commenced by Plaintiff in state court which has

heard or was hearing such claims as indicated by the Fifth Amended Complaint in that case, Clark v. Farris-Ellison, et al, No TC023636 (Superior Court of California, County of Los Angeles). Subject matter is lacking in this adversary proceeding other than "related to" jurisdiction under 28 U.S.C. §1334.  It is likely that Plaintiff's commencement of this adversary proceeding against these parties involved forum shopping, not because Debtor filed her Chapter 7 bankruptcy case in this court, but because Plaintiff filed his adversary complaints asserting the same or substantially the same claims in a related state court action where the state court ruled against him, sustained demurrers to his multiple complaints of Flagstar, First American Title Insurance Company and Investors Title Company, without leave to amend, dismissed Flagstar as a party, and his appeals of these orders were dismissed.  It would be a burden on this court's docket to hear this matter involving nondebtor parties over noncore state law claims with little relationship to the underlying bankruptcy case.  This matter involves nondebtor parties, Plaintiff and Flagstar and the title companies.  Based on these considerations set forth in *Tucson Estates,* this court should abstain from hearing Plaintiff's claims against these parties. 912 F.2d at 1166-1167 (citation omitted).  The court reaffirms its prior orders stating that Plaintiff may not refile his claims as to these parties without prior authorization of this court in light of the repetitive litigation from his complaints and motions to add these parties to the adversary proceeding after the court's rulings abstaining to hear his claims against these parties.

　　　IT IS HEREBY ORDERED as follows:

1. The Motion of Plaintiff James Clark to Amend Complaint to Add Flagstar Bank as a Defendant (ECF 161) is denied with prejudice.
2. The court clarifies and amends its prior orders on Flagstar's motions to dismiss and for abstention as described above.
3. The court's orders granting Flagstar's motion to dismiss the original Complaint are vacated on grounds of mootness.

4. Flagstar's motions for abstention are granted, and the court abstains from hearing Plaintiff's claims against Flagstar, First American Title Insurance Company and Investors Title Company.

5. Flagstar, First American Title Insurance Company and Investors Title Company, Inc., are dismissed as parties to this adversary proceeding.

6. Plaintiff may not file any complaint, motion or other proceeding against Flagstar, First American Title Insurance Company and Investors Title Company, Inc., in Debtor's bankruptcy case or in any adversary proceeding or contested matter in Debtor's bankruptcy case without prior authorization of the court, which must be sought by motion, and Plaintiff may not serve these parties with any such complaint, motion or other proceeding against them without prior authorization of this court.

7. The court will enter a separate final judgment as to Flagstar, First American Title Insurance Company and Investors Title Company, Inc., within the meaning of Federal Rule of Civil Procedure 54(b), which denies Plaintiff's motion to add Flagstar as a defendant in this adversary proceeding, abstains from hearing Plaintiff's claims against Flagstar, First American Title Insurance Company and Investors Title Company, Inc., and dismisses these parties from this adversary proceeding.

///

///

8. Since Plaintiff is a self-represented litigant, the court hereby advises Plaintiff that since it is entering final judgment as to Flagstar, First American Title Insurance and Investors Title Company, Inc., which abstains from hearing Plaintiff's claims against these parties and dismissing these parties from the adversary proceeding, a failure to timely appeal this final judgment pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure may result in this final judgment as to these parties becoming non-reviewable on appeal.

IT IS SO ORDERED.

###

Date: September 25, 2015

_____
Robert Kwan
United States Bankruptcy Judge