1  James Clark
2  625 Laconia Blvd.
   Los Angeles, CA 90044
3  (310)622-0757
   Plaintiff, *In Pro Per*

**FILED**

APR - 7 2017

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

4

# UNITED STATES BANKRUPTCY COURT

5

## CENTRAL DISTRICT OF CALIFORNIA

6

### LOS ANGELES DIVISION

7

8   IN RE                                    )   Case No.: **2:11-bk-33861-RK**
                                             )
9     RITA FARRIS-ELLISON,                   )   **CHAPTER 7**
                                             )
10        DEBTOR,                            )   **Adversary Proceeding**
                                             )
11  JAMES LEE CLARK,                         )   **PLAINTIFF/CREDITOR, JAMES LEE
                                             )   CLARK'S NOTICE OF AND MOTION
12        PLAINTIFF,                         )   FOR AN ORDER COMPELLING
                                             )   DISCOVERY AND SANCTIONS
13                                           )   AGAINST DEFENDANT/DEBTOR RITA
                                             )   ELLISON-FARRIS
14                                           )
                                             )
15  v.                                       )   **[PURSUANT TO FEDERAL RULE OF
                                             )   CIVIL PROCEDURE RULE 37 ]**
16                                           )
                                             )
17  RITA ELLISON-FARRIS,                     )
                                             )   **[Filed concurrently with Memorandum of
18        DEFENDANT,                         )   Points and Authorities; Declaration
                                             )   Supporting the Motion; Proposed Order]**
19                                           )
                                             )   Date: 5- 2 - 2017
20                                           )
                                             )   Time: 2:30
21                                           )
                                             )
22                                           )
                                             )
23  _____)   Dept: 1675
24                                        -1-

25  Case No.: **2:11-bk-33861-RK CHAPTER 7**
    **Adversary Proceeding**
26  **PLAINTIFF/CREDITOR, JAMES LEE CLARK'S NOTICE OF AND MOTION FOR AN
    ORDER COMPELLING DISCOVERY AND SANCTIONS AGAINST
27  DEFENDANT/DEBTOR RITA ELLISON-FARRIS**
    **[PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 37 ]**
28  **[Filed concurrently with Memorandum of Points and Authorities; Declaration Supporting
    the Motion; Proposed Order]**

1  PLEASE TAKE NOTICE THAT:

2      Pursuant to Federal Rules of Civil Procedure, Rule 37 as incorporated by Federal Rules of

3  Bankruptcy Procedure 7037 as incorporated  by Local Bankruptcy Rule, (LBR) 7026(1), I,

4  Plaintiff, James Lee Clark moves this court for an order compelling  discovery from Defendant,

5  Rita Ellison-Farris.

6      For several months, Defendant Farris has BEEN NONADHERENT and RECALCITRANT

7  TO THE RULES and Farris-nor her attorney, James Bryant served a response-or responses-to

8  Plaintiff's requests.

9  **Specifically, both Attorney Bryant and Farris the bankrupt have intentionally abused**

10 **the discovery praxis by not complying.**

11     Said motion is based upon the following; Plaintiff has made a "good faith" effort to meet and

12 confer by sending correspondence to Rita Ellison-Farris.

13

14

15

16

17

18 Dated:_____          Respectfully Submitted,

19

20

21

22

23                                 _____

                                   James Clark, Plaintiff, In Pro Per

24                                              -2-

25 Case No.: **2:11-bk-33861-RK CHAPTER 7**
   **Adversary Proceeding**
26 **PLAINTIFF/CREDITOR,JAMES LEE CLARK'S NOTICE OF AND MOTION FOR AN
   ORDER COMPELLING DISCOVERY AND SANCTIONS AGAINST**
27 **DEFENDANT/DEBTOR RITA ELLISON-FARRIS**
   **[PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 37 ]**
28 **[Filed concurrently with Memorandum of Points and Authorities; Declaration Supporting
   the Motion; Proposed Order]**

Memorandum of Points and Authorities

I.

Introduction

Plaintiff, Clark brought the adversarial proceeding against Defendant, Farris to determine the nondischargeability of her $100,000.00 debt which actually is a judgment for fraud entered against her and granted to Plaintiff from the Los Angeles Superior Court.[1]

Farris petitioned this court for Chapter 7 Bankruptcy protection from that $100,000.00 debt; she withheld Clark's name for months-even years. Directly, Farris has not paid the $100,000.00 debt. Then, she finally disclosed Clark-after Clark procured the State Judgment against her) as a secured creditor on her Amended Bankruptcy Petition. (See Exhibit "B" the petition.)

However, Farris has been intransigent-even belligerent- for months in not responding to disclosure as requested from Clark.

*Significant events warranting the bringing this motion:*

*1. Clark serves discovery of "debtor examination" of Rita Ellison-Farris on or before April 2, 2015. (Exhibit "A")*

*a. No response from Bryant or Farris*

*2. Clark serves discovery of "subpoena to testify" regarding  (Exhibit "B")*

*a. No response from Farris or Bryant*

*3. Clark serves meet and confer correspondence to attorney, James Bryant who represents Rita Ellison-Farris in the months of  August 10, 2016 , September 10, 2016, October 20, 2016,*

---

[1] See the judgment Exhibit "A"

Case No.: **2:11-bk-33861-RK CHAPTER 7**
**Adversary Proceeding**
**PLAINTIFF/CREDITOR,JAMES LEE CLARK'S NOTICE OF AND MOTION FOR AN ORDER COMPELLING DISCOVERY AND SANCTIONS AGAINST DEFENDANT/DEBTOR RITA ELLISON-FARRIS**
**[PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 37 ]**
**[Filed concurrently with Memorandum of Points and Authorities; Declaration Supporting the Motion; Proposed Order]**

1    *November 20, 2016. (Exhibit "A", "B", "C" and "D" )Importantly, Clark has dispatched two*

2    *more meet and confer correspondence to Bryant. (See Exhibit "E" and "F")*

3        *a. No response from either Bryant or Farris (See the docket sheet as well)*

4        *4.   The judge "ordered Jonathan the attorney to serve James Bryant-the attorney for Rita*

5    *Farris-in court the 'meet and confer' correspondence."*

6        *a. As of this filing, no response.*

7        *5.   Clark serves more meet and confer correspondence to attorney, James Bryant who*

8    *represents Rita Ellison-Farris in the months of January 10, 2017 and February 15,  2017.*

9    *(Exhibit "G"and "H") as well as special interrogatories. (See Exhibit "I").*

10   Farris in conjunction with her attorney, Bryant has afore-mentioned has a pattern of

11   noncompliance; no documents, no responses, no meeting, no attempts to schedule, no phone

12   calls, no texting, **absolutely nothing**. Nor has her "attorney" James Bryant responded or even

13   contacted Clark.

14   This conduct evidences her and her attorney's effrontery-her outright failure to flout the very

15   authority of the bankruptcy court and the laws enacted by our United States Congress; there

16   failure to comply constitutes defiance and nonadherence.

17   Both Mr. Bryant and his client, Rita Farris's peremptory indifference is to the detriment of

18   Plaintiff, Clark and to the authority of the Federal Rules of Civil Procedure and bankruptcy rules.

19   Indeed, Clark has suffered and experienced prejudice in his litigation of this case: he cannot

20   proceed until Farris and her attorney respond. Thus, his case is essentially not moving forward

21   towards the relief that he seeks-nondischargeability of the $100,000.00 debt and a judgment to

22   enforce that nondischargeability.

23   To this end, Clark moves the court compelling discovery.

24                                              -4-

25   Case No.: **2:11-bk-33861-RK CHAPTER 7**
     **Adversary Proceeding**
26   **PLAINTIFF/CREDITOR,JAMES LEE CLARK'S NOTICE OF AND MOTION FOR AN
     ORDER COMPELLING DISCOVERY AND SANCTIONS AGAINST**
27   **DEFENDANT/DEBTOR RITA ELLISON-FARRIS**
     **[PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 37 ]**
28   **[Filed concurrently with Memorandum of Points and Authorities; Declaration Supporting
     the Motion; Proposed Order]**

II

Preliminary Statement

For months, even years-Farris the debtor had not adhered to the mandatory rules of discovery. By that comportment, she has refused to reply, provide documents, answers and thus is Clark entitled to compel that disclosure?

III

Argument

When a party "fails to make a disclosure required by Rule 26(a)$^2$ any party may move to compel disclosure and for sanctions." So in this case, that party is Farris-she has failed to make a disclosure –not once but several times-as well as her failure to respond to deposition and her failure to respond to interrogatory requests.

Thus, Clark can and SHOULD request the court to compel disclosure and discovery from Farris.

A. The court has broad discretion to permit discovery against Farris

"Discretion is vested in the court to permit discovery so that Clark can discover "admissible evidence." *Goehring v. Brophy* 94 F 3d 1294, 1305 (9th Cir. 1996) Indeed, a litigant "may obtain discovery regarding any matter that is relevant to [his] claim." Here, Clark is commencing disclosure of "relevant information" that is reasonably calculated to lead to the discovery of admissible evidence" from Farris. Illustratively, he has served discovery requests and additionally he has served more discovery requests. Finally, he has served a meet and confer to Bryant regarding Farris.

---

[2] See *Federal Rules of Civil Procedure Rule 37 (a)(B).*

-5-

Case No.: **2:11-bk-33861-RK CHAPTER 7**
**Adversary Proceeding**
**PLAINTIFF/CREDITOR,JAMES LEE CLARK'S NOTICE OF AND MOTION FOR AN ORDER COMPELLING DISCOVERY AND SANCTIONS AGAINST DEFENDANT/DEBTOR RITA ELLISON-FARRIS**
**[PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 37 ]**
**[Filed concurrently with Memorandum of Points and Authorities; Declaration Supporting the Motion; Proposed Order]**

Still, there is no response from her.

Therefore, the court can grant the motion and enter sanctions[3] because of Farris's failure to comply. (*See Federal Rules of Civil Procedure Rule 37(b)(1)*).

    1.  Farris will not be prejudiced-in fact, she has not complied.

Farris will not suffer any prejudice or harm-no response. She has imposed her very will of recalcitrance to every request for discovery from Clark. This is despite the lawful requirement from Federal Rule of Civil Procedure Rule 26 that a party "must comply."

Only a party who incurs some type of harm, loss of monies, privilege exposure, or whatever can protest or seek a protective order. *Goehring*, supra at page 1305.

Nonetheless, Clark has incurred costs, administrative burdens, time and no documents-from a debtor who omitted Clark for several years from her petition. Clark has not received that $100,000.00 judgment. In fact, Farris desires to have the court discharge it.

Accordingly, the court can grant the motion to compel because of Rita's 1) disobedience with discovery rules, 2) failure to comply, 3) failure to "meet and confer."

III

Conclusion

No response –and continued no response-by Farris and an officer of the court-James Bryant- is tantamount to evasion and utter neglect which cannot go unpunished. Clark's case is being disparaged, nullified and harmed by debtor and her lawyer.

Hence, the court can grant the motion and order sanctions.

///

---

[3] Pursuant to *FRCP Rule 37(b)(1)(2)(a)*, the court can view her disobedience as contempt.

Case No.: **2:11-bk-33861-RK CHAPTER 7**
**Adversary Proceeding**
**PLAINTIFF/CREDITOR,JAMES LEE CLARK'S NOTICE OF AND MOTION FOR AN ORDER COMPELLING DISCOVERY AND SANCTIONS AGAINST DEFENDANT/DEBTOR RITA ELLISON-FARRIS**
**[PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 37 ]**
**[Filed concurrently with Memorandum of Points and Authorities; Declaration Supporting the Motion; Proposed Order]**

Dated:_____                    Respectfully Submitted,


_____

James Clark, Plaintiff, In Pro Per

-7-

Case No.: **2:11-bk-33861-RK CHAPTER 7**
**Adversary Proceeding**
**PLAINTIFF/CREDITOR,JAMES LEE CLARK'S NOTICE OF AND MOTION FOR AN
ORDER COMPELLING DISCOVERY AND SANCTIONS AGAINST
DEFENDANT/DEBTOR RITA ELLISON-FARRIS
[PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 37 ]**
**[Filed concurrently with Memorandum of Points and Authorities; Declaration Supporting
the Motion; Proposed Order]**

## CERTIFICATE OF SERVICE

I hereby certify that on *March 29 - 2017*, I served a true copy of the foregoing document(s) Plaintiff's Motion to Compel, Plaintiff's Declaration Supporting Plaintiff's Motion, Proposed Judgment,  by first class United States Mail, postage prepaid, upon the following

Defendant:

Counsel for Defendant:
Rita Ellison
James A. Bryant, Esq.
4929 Wilshire Boulevard
Suite #1010
Los Angeles, California 90010

Dated: *3-29-2017*,

-8-

Case No.: **2:11-bk-33861-RK CHAPTER 7**
**Adversary Proceeding**
**PLAINTIFF/CREDITOR,JAMES LEE CLARK'S NOTICE OF AND MOTION FOR AN ORDER COMPELLING DISCOVERY AND SANCTIONS AGAINST DEFENDANT/DEBTOR RITA ELLISON-FARRIS**
**[PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 37 ]**
**[Filed concurrently with Memorandum of Points and Authorities; Declaration Supporting the Motion; Proposed Order]**

FILED

APR 7 2017

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

1  James Clark
   625 Laconia Blvd.
2  Los Angeles, CA 90044
   (310)622-0757
3  Plaintiff, *In Pro Per*

4                    UNITED STATES BANKRUPTCY COURT

5                    CENTRAL DISTRICT OF CALIFORNIA

6                       LOS ANGELES DIVISION

7

8  IN RE                          ) Case No.: **2:11-bk-33861-RK**
                                  )
9     RITA FARRIS-ELLISON,        ) CHAPTER 7
                                  )
10                  DEBTOR,       ) PLAINTIFF/CREDITOR,JAMES LEE
   _____) CLARK'S [PROPOSED] JUDGMENT
11 JAMES LEE CLARK,               ) GRANTING PLAINTIFF, JAMES LEE
                                  ) CLARK'S MOTION TO COMPEL
12               PLAINTIFF,       )
                                  )
13                                ) [PURSUANT TO F.R.CP. RULE  37]
                                  )
14                                )
                                  )
15 v.                             )
                                  )
16                                )
                                  )
17 RITA ELLISON-FARRIS,           )
                                  )
18               DEFENDANT        )
                                  )
19                                )
                                  )
20                                )
                                  )
21                                )
                                  )
22 _____)

23

24

25

26

27                              -1-

28 Case No.: **2:11-bk-33861-RK CHAPTER  7**
   **PLAINTIFF/CREDITOR,JAMES LEE CLARK'S PROPOSED JUDGMENT
   GRANTING PLAINTIFF, JAMES LEE CLARK'S MOTION TO COMPEL
   [PURSUANT TO F.R.CP. RULE 37]**

## PLAINTIFF, JAMES LEE CLARK'S PROPOSED JUDGMENT GRANTING
## PLAINTIFF'S MOTION TO COMPEL

Upon reviewing the Plaintiff Clark's adversary proceedings, his Federal rules of Civil Procedure , Rule 37 motion to compel, all  available legal authorities, the evidence submitted in support therewith and upon any other oral or documentary evidence and records in this case,

THEREFORE, THE COURT ORDERS THAT PLAINTIFF, JAMES L. CLARK'S MOTION TO COMPEL BE GRANTED;

FURTHER, THE COURT ORDERS THAT Debtor, Ellison is compelled to comply with discovery;

FURTHERMORE, THE COURT ORDERS Debtor Ellison to reimburse this court for her abject failure to comply; Debtor, Ellison is ordered to pay ALL costs to Creditor, Clark.

FINALLY, THE COURT ORDERS THAT Debtor. Ellison is not permitted to file any bankruptcy petition for two years,

Dated:_____        _____

Signature of Bankruptcy Judge

-2-

Case No.: **2:11-bk-33861-RK CHAPTER  7**
**PLAINTIFF/CREDITOR,JAMES LEE CLARK'S PROPOSED JUDGMENT**
**GRANTING PLAINTIFF, JAMES LEE CLARK'S MOTION TO COMPEL**
**[PURSUANT TO F.R.CP. RULE 37]**

# EXHIBIT "A"

EXHIBIT "A"

James Clark
625 Laconia Blvd.
Los Angeles, CA 90044
Plaintiff, *In Pro Per*
(310)622-0757


James Bryant, Esq.
Attorney for Rita Ellison-Farris
The Consumer Advocate Law Group
4929  Wilshire Boulevard
Suite #1040
Los Angeles, California 90010


RE: *Bankruptcy Adversary Proceeding /2:11-bk-33861-RK*

*CHAPTER 7/Discovery and Discovery plans for discovery of relevant material from Debtor/your Client Rita Ellison-Farris*

I.

### Introduction

As you are cognizant of, I commenced the adversarial proceedings against your client, Rita Ellison-Farris based on her petitioning this court for bankruptcy protection. For months, now, we seem to be at odds; there is no communication, no contact and no further attempts to contact me.

So, I am submitting to you my correspondence regarding case management of this case so that we can move forward to eventually resolve the proposed discovery and this case.

II

### Need for a discovery plan

Discovery is needed to examine whether amending the complaint, to locate additional facts, data, material and information and to determine the need for further discovery.

III

### Scheduling a Rule 26(f) Conference

Please be advised that we need to "meet and confer"[1] regarding the above, specifically on discovery relating to Farris's bankruptcy, her filing, her claimed vs. unclaimed listing of creditors, levels of debt, income/expenses, length of debt ceiling, location of other witnesses, etc.

Our "meet and confer" can be telephonic conversation(s) and written correspondence regarding how and when to effectuate discovery. Importantly, we can schedule a convenient time and place to meet.

That meeting could occur at your office or a Starbucks or place that offers an enjoyable, pacific and organized ambiance.

IV

### Proposed Discovery Plan

Based upon a perusal of federal discovery statutes,[2] I will be reviewing then implementing and employing the various discovery tools such as interrogatories, document requests, and admissions and perhaps conducting a deposition of your client.

The following represents a tentative strategy:

1.  Contact Mr. Bryant

2.  Review the Farris Chapter 7 Bankruptcy Petition

    a. Examine the Farris Amended Chapter 7 Bankruptcy Petition

3.  Contact Mr. Bryant regarding discovery, discovery methods, the need for discovery, establish a basis for communication

    a. How best to achieve a workable activity

    b. Timeframes for completion

4.  Determine and arrange times to meet with Mr. Bryant

    a.  Available times, locations and dates to be discussed

---

[1] This will be our Rule 26(f) conference to develop a working relationship.
[2] See. e.g. Federal Rule of Civil Procedures. Rule 26, 30 and 45.

b. Review the calendar

5.   Attached, please find Interrogatories, Set #1 (Exhibit "A")

6.   Shortly, the Deposition of Farris

**V**

**Conclusion**

The above is a planned overview of my approach to this case and my approach to interact with you to again resolve this case.

In the spirit of resolution, feel free to contact me so that we can quickly and readily handle any disputes that arise.

Significantly, the Interrogatories MUST be completed within the next 15-20 days.

However, in the event of impasse or difficulty, I will effectuate the solutions found in the Federal Rules. [3]

Dated: February 10, 2017                          Submitted for you Review,

_____

James Lee Clark, Plaintiff, *In Pro Per*

---

[3] See, Federal Rules of Civil Procedure. Rule 37

# EXHIBIT "B"

**EXHIBIT "B"**

James Clark
625 Laconia Blvd.
Los Angeles, CA 90044
Plaintiff, *In Pro Per*
(310)622-0757

James Bryant, Esq.
Attorney for Rita Ellison-Farris
The Consumer Advocate Law Group
4929  Wilshire Boulevard
Suite #1040
Los Angeles, California 90010

RE: *Bankruptcy Adversary Proceeding /2:11-bk-33861-RK*

*CHAPTER 7/Discovery and Discovery plans for discovery of relevant material from Debtor/your Client Rita Ellison-Farris*

I.

## Introduction

As you are cognizant of, I commenced the adversarial proceedings against your client, Rita Ellison-Farris based on her petitioning this court for bankruptcy protection. For months, now, we seem to be at odds; there is no communication, no contact and no further attempts to contact me.

So, I am submitting to you my correspondence regarding case management of this case so that we can move forward to eventually resolve the proposed discovery and this case.

II

## Need for a discovery plan

Discovery is needed to examine whether amending the complaint, to locate additional facts, data, material and information and to determine the need for further discovery.

III

## Scheduling a Rule 26(f) Conference

Please be advised that we need to "meet and confer"[1] regarding the above, specifically on discovery relating to Farris's bankruptcy, her filing, her claimed vs. unclaimed listing of creditors, levels of debt, income/expenses, length of debt ceiling, location of other witnesses, etc.

Our "meet and confer" can be telephonic conversation(s) and written correspondence regarding how and when to effectuate discovery. Importantly, we can schedule a convenient time and place to meet.

That meeting could occur at your office or a Starbucks or place that offers an enjoyable, pacific and organized ambiance.

IV

**Proposed Discovery Plan**

Based upon a perusal of federal discovery statutes,[2] I will be reviewing then implementing and employing the various discovery tools such as interrogatories, document requests, and admissions and perhaps conducting a deposition of your client.

The following represents a tentative strategy:

1.   Contact Mr. Bryant

2.   Review the Farris Chapter 7 Bankruptcy Petition

   a. Examine the Farris Amended Chapter 7 Bankruptcy Petition

3.   Contact Mr. Bryant regarding discovery, discovery methods, the need for discovery, establish a basis for communication

   a. How best to achieve a workable activity

   b. Timeframes for completion

4.   Determine and arrange times to meet with Mr. Bryant

   a.  Available times, locations and dates to be discussed

---

[1] This will be our Rule 26(f) conference to develop a working relationship.
[2] See, e.g. Federal Rule of Civil Procedures, Rule 26, 30 and 45.

b. Review the calendar

5.  Attached, please find Interrogatories, Set #1 (Exhibit "A")

6.  Shortly, the Deposition of Farris

**V**

**Conclusion**

The above is a planned overview of my approach to this case and my approach to interact with you to again resolve this case.

In the spirit of resolution, feel free to contact me so that we can quickly and readily handle any disputes that arise.

Significantly, the Interrogatories MUST be completed within the next 15-20 days.

However, in the event of impasse or difficulty, I will effectuate the solutions found in the Federal Rules. [3]

Dated: August 10, 2016                    Submitted for you Review,

                                          _____
                                          James Lee Clark, Plaintiff, *In Pro Per*

---

[3] See. Federal Rules of Civil Procedure. Rule 37

# EXHIBIT "C"

## EXHIBIT "C"

James Clark
625 Laconia Blvd.
Los Angeles, CA 90044
Plaintiff, *In Pro Per*
(310)622-0757

James Bryant, Esq.
Attorney for Rita Ellison-Farris
The Consumer Advocate Law Group
4929  Wilshire Boulevard
Suite #1040
Los Angeles, California 90010

RE: *Bankruptcy Adversary Proceeding /2:11-bk-33861-RK*
*CHAPTER 7/Discovery and Discovery plans for discovery of relevant material from Debtor/your Client Rita Ellison-Farris*

**I.**

**Introduction**

As you are cognizant of, I commenced the adversarial proceedings against your client, Rita Ellison-Farris based on her petitioning this court for bankruptcy protection. For months, now, we seem to be at odds; there is no communication, no contact and no further attempts to contact me.

So, I am submitting to you my correspondence regarding case management of this case so that we can move forward to eventually resolve the proposed discovery and this case.

**II**

**Need for a discovery plan**

Discovery is needed to examine whether amending the complaint, to locate additional facts, data, material and information and to determine the need for further discovery.

**III**

**Scheduling a Rule 26(f) Conference**

Please be advised that we need to "meet and confer"[1] regarding the above, specifically on discovery relating to Farris's bankruptcy, her filing, her claimed vs. unclaimed listing of creditors, levels of debt, income/expenses, length of debt ceiling,  location of other witnesses, etc.

Our "meet and confer" can be telephonic conversation(s) and written correspondence regarding how and when to effectuate discovery. Importantly, we can schedule a convenient time and place to meet.

That meeting could occur at your office or a Starbucks or place that offers an enjoyable, pacific and organized ambiance.

**IV**

**Proposed Discovery Plan**

Based upon a perusal of federal discovery statutes,[2] I will be reviewing then implementing and employing the various discovery tools such as interrogatories, document requests, and admissions and perhaps conducting a deposition of your client.

The following represents a tentative strategy:

1.   Contact Mr. Bryant

2.   Review the Farris Chapter 7 Bankruptcy Petition

    a. Examine the Farris Amended Chapter 7 Bankruptcy Petition

3.   Contact Mr. Bryant regarding discovery, discovery methods, the need for discovery, establish a basis for communication

    a. How best to achieve a workable activity

    b. Timeframes for completion

4.   Determine and arrange times to meet with Mr. Bryant

    a.  Available times, locations and dates to be discussed

---

[1] This will be our Rule 26(f) conference to develop a working relationship.
[2] See, e.g. Federal Rule of Civil Procedures, Rule 26, 30 and 45.

b. Review the calendar

5.   Attached, please find Interrogatories, Set #1 (Exhibit "A")

6.   Shortly, the Deposition of Farris

**V**

**Conclusion**

The above is a planned overview of my approach to this case and my approach to interact with you to again resolve this case.

In the spirit of resolution, feel free to contact me so that we can quickly and readily handle any disputes that arise.

Significantly, the Interrogatories MUST be completed within the next 15-20 days.

However, in the event of impasse or difficulty, I will effectuate the solutions found in the Federal Rules. [3]

Dated: September  10, 2016                          Submitted for you Review,

_____

James Lee Clark, Plaintiff, *In Pro Per*

---

[3] See, Federal Rules of Civil Procedure, Rule 37

# EXHIBIT "D"

**EXHIBIT "D"**

James Clark
625 Laconia Blvd.
Los Angeles, CA 90044
Plaintiff, *In Pro Per*
(310)622-0757

James Bryant, Esq.
Attorney for Rita Ellison-Farris
The Consumer Advocate Law Group
4929 Wilshire Boulevard
Suite #1040
Los Angeles, California 90010

RE: *Bankruptcy Adversary Proceeding /2:11-bk-33861-RK*

*CHAPTER 7/Discovery and Discovery plans for discovery of relevant material from Debtor/your Client Rita Ellison-Farris*

**I.**

**Introduction**

As you are cognizant of, I commenced the adversarial proceedings against your client, Rita Ellison-Farris based on her petitioning this court for bankruptcy protection. For months, now, we seem to be at odds; there is no communication, no contact and no further attempts to contact me.

So, I am submitting to you my correspondence regarding case management of this case so that we can move forward to eventually resolve the proposed discovery and this case.

**II**

**Need for a discovery plan**

Discovery is needed to examine whether amending the complaint, to locate additional facts, data, material and information and to determine the need for further discovery.

**III**

**Scheduling a Rule 26(f) Conference**

Please be advised that we need to "meet and confer"[1] regarding the above, specifically on discovery relating to Farris's bankruptcy, her filing, her claimed vs. unclaimed listing of creditors, levels of debt, income/expenses, length of debt ceiling,  location of other witnesses, etc.

Our "meet and confer" can be telephonic conversation(s) and written correspondence regarding how and when to effectuate discovery. Importantly, we can schedule a convenient time and place to meet.

That meeting could occur at your office or a Starbucks or place that offers an enjoyable, pacific and organized ambiance.

## IV

### Proposed Discovery Plan

Based upon a perusal of federal discovery statutes,[2] I will be reviewing then implementing and employing the various discovery tools such as interrogatories, document requests, and admissions and perhaps conducting a deposition of your client.

The following represents a tentative strategy:

1.   Contact Mr. Bryant

2.   Review the Farris Chapter 7 Bankruptcy Petition

    a. Examine the Farris Amended Chapter 7 Bankruptcy Petition

3.   Contact Mr. Bryant regarding discovery, discovery methods, the need for discovery, establish a basis for communication

    a. How best to achieve a workable activity

    b. Timeframes for completion

4.   Determine and arrange times to meet with Mr. Bryant

    a.  Available times, locations and dates to be discussed

---

[1] This will be our Rule 26(f) conference to develop a working relationship.
[2] See, e.g. Federal Rule of Civil Procedures, Rule 26, 30 and 45.

b. Review the calendar

5.   Attached, please find Interrogatories, Set #1 (Exhibit "A")

6.  Shortly, the Deposition of Farris

## V

**Conclusion**

The above is a planned overview of my approach to this case and my approach to interact with you to again resolve this case.

In the spirit of resolution, feel free to contact me so that we can quickly and readily handle any disputes that arise.

Significantly, the Interrogatories MUST be completed within the next 15-20 days.

However, in the event of impasse or difficulty, I will effectuate the solutions found in the Federal Rules. [3]

Dated: October 16, 2016                              Submitted for you Review,

_____

James Lee Clark, Plaintiff, *In Pro Per*

---

[3] See, Federal Rules of Civil Procedure, Rule 37

# EXHIBIT "E"

EXHIBIT "E"

James Clark
625 Laconia Blvd.
Los Angeles, CA 90044
Plaintiff, *In Pro Per*
(310)622-0757


James Bryant, Esq.
Attorney for Rita Ellison-Farris
The Consumer Advocate Law Group
4929  Wilshire Boulevard
Suite #1040
Los Angeles, California 90010


    RE: *Bankruptcy Adversary Proceeding /2:11-bk-33861-RK*

*CHAPTER 7/Discovery and Discovery plans for discovery of relevant material from Debtor/your Client Rita Ellison-Farris*

**I.**

    **Introduction**

    As you are cognizant of, I commenced the adversarial proceedings against your client, Rita Ellison-Farris based on her petitioning this court for bankruptcy protection. For months, now, we seem to be at odds; there is no communication, no contact and no further attempts to contact me.

    So, I am submitting to you my correspondence regarding case management of this case so that we can move forward to eventually resolve the proposed discovery and this case.

**II**

    **Need for a discovery plan**

    Discovery is needed to examine whether amending the complaint, to locate additional facts, data, material and information and to determine the need for further discovery.

**III**

    **Scheduling a Rule 26(f) Conference**

Please be advised that we need to "meet and confer"[1] regarding the above, specifically on discovery relating to Farris's bankruptcy, her filing, her claimed vs. unclaimed listing of creditors, levels of debt, income/expenses, length of debt ceiling,  location of other witnesses, etc.

Our "meet and confer" can be telephonic conversation(s) and written correspondence regarding how and when to effectuate discovery. Importantly, we can schedule a convenient time and place to meet.

That meeting could occur at your office or a Starbucks or place that offers an enjoyable, pacific and organized ambiance.

**IV**

**Proposed Discovery Plan**

Based upon a perusal of federal discovery statutes,[2] I will be reviewing then implementing and employing the various discovery tools such as interrogatories, document requests, and admissions and perhaps conducting a deposition of your client.

The following represents a tentative strategy:

1.  Contact Mr. Bryant

2.  Review the Farris Chapter 7 Bankruptcy Petition

    a. Examine the Farris Amended Chapter 7 Bankruptcy Petition

3.  Contact Mr. Bryant regarding discovery, discovery methods, the need for discovery, establish a basis for communication

    a. How best to achieve a workable activity

    b. Timeframes for completion

4.  Determine and arrange times to meet with Mr. Bryant

    a.  Available times, locations and dates to be discussed

---

[1] This will be our Rule 26(f) conference to develop a working relationship.
[2] See, e.g. Federal Rule of Civil Procedures, Rule 26, 30 and 45.

-2-

b. Review the calendar

5.   Attached, please find Interrogatories, Set #1 (Exhibit "A")

6.   Shortly, the Deposition of Farris

V

**Conclusion**

The above is a planned overview of my approach to this case and my approach to interact with you to again resolve this case.

In the spirit of resolution, feel free to contact me so that we can quickly and readily handle any disputes that arise.

Significantly, the Interrogatories MUST be completed within the next 15-20 days.

However, in the event of impasse or difficulty, I will effectuate the solutions found in the Federal Rules. [3]

Dated: November 20, 2016                              Submitted for you Review,

_____

James Lee Clark, Plaintiff, *In Pro Per*

---

[3] See. Federal Rules of Civil Procedure. Rule 37

# EXHIBIT "A"

# EXHIBIT "A"

James Clark
625 Laconia Blvd.
Los Angeles, CA 90044
Plaintiff, *In Pro Per*
(310)622-0757


James Bryant, Esq.
Attorney for Rita Ellison-Farris
The Consumer Advocate Law Group
4929 Wilshire Boulevard
Suite #1040
Los Angeles, California 90010


RE: *Bankruptcy Adversary Proceeding /2:11-bk-33861-RK*

*CHAPTER 7/Discovery and Discovery plans for discovery of relevant material from Debtor/your Client Rita Ellison-Farris*

## I.

### Introduction

As you are cognizant of, I commenced the adversarial proceedings against your client, Rita Ellison-Farris based on her petitioning this court for bankruptcy protection. For months, now, we seem to be at odds; there is no communication, no contact and no further attempts to contact me.

So, I am submitting to you my correspondence regarding case management of this case so that we can move forward to eventually resolve the proposed discovery and this case.

## II

### Need for a discovery plan

Discovery is needed to examine whether amending the complaint, to locate additional facts, data, material and information and to determine the need for further discovery.

## III

### Scheduling a Rule 26(f) Conference

Please be advised that we need to "meet and confer"[1] regarding the above, specifically on discovery relating to Farris's bankruptcy, her filing, her claimed vs. unclaimed listing of creditors, levels of debt, income/expenses, length of debt ceiling, location of other witnesses, etc.

Our "meet and confer" can be telephonic conversation(s) and written correspondence regarding how and when to effectuate discovery. Importantly, we can schedule a convenient time and place to meet.

That meeting could occur at your office or a Starbucks or place that offers an enjoyable, pacific and organized ambiance.

## IV

**Proposed Discovery Plan**

Based upon a perusal of federal discovery statutes,[2] I will be reviewing then implementing and employing the various discovery tools such as interrogatories, document requests, and admissions and perhaps conducting a deposition of your client.

The following represents a tentative strategy:

1.   Contact Mr. Bryant

2.   Review the Farris Chapter 7 Bankruptcy Petition

   a. Examine the Farris Amended Chapter 7 Bankruptcy Petition

3.   Contact Mr. Bryant regarding discovery, discovery methods, the need for discovery, establish a basis for communication

   a. How best to achieve a workable activity

   b. Timeframes for completion

4.   Determine and arrange times to meet with Mr. Bryant

   a.  Available times, locations and dates to be discussed

---

[1] This will be our Rule 26(f) conference to develop a working relationship.
[2] See. e.g. Federal Rule of Civil Procedures, Rule 26, 30 and 45.

b. Review the calendar

5.    Attached, please find Interrogatories, Set #1 (Exhibit "A")

6.    Shortly, the Deposition of Farris

**V**

**Conclusion**

The above is a planned overview of my approach to this case and my approach to interact with you to again resolve this case.

In the spirit of resolution, feel free to contact me so that we can quickly and readily handle any disputes that arise.

Significantly, the Interrogatories MUST be completed within the next 15-20 days.

However, in the event of impasse or difficulty, I will effectuate the solutions found in the Federal Rules. [3]

Dated: January 10, 2017                                          Submitted for you Review,

                                          _____
                                          James Lee Clark, Plaintiff, *In Pro Per*

---

[3] See, Federal Rules of Civil Procedure, Rule 37

# EXHIBIT "B"

# EXHIBIT "B"

James Clark
625 Laconia Blvd.
Los Angeles, CA 90044
Plaintiff, *In Pro Per*
(310)622-0757

James Bryant, Esq.
Attorney for Rita Ellison-Farris
The Consumer Advocate Law Group
4929  Wilshire Boulevard
Suite #1040
Los Angeles, California 90010

RE: *Bankruptcy Adversary Proceeding /2:11-bk-33861-RK*

*CHAPTER 7/Discovery and Discovery plans for discovery of relevant material from Debtor/your Client Rita Ellison-Farris*

**I.**

**Introduction**

As you are cognizant of, I commenced the adversarial proceedings against your client, Rita Ellison-Farris based on her petitioning this court for bankruptcy protection. For months, now, we seem to be at odds; there is no communication, no contact and no further attempts to contact me.

So, I am submitting to you my correspondence regarding case management of this case so that we can move forward to eventually resolve the proposed discovery and this case.

**II**

**Need for a discovery plan**

Discovery is needed to examine whether amending the complaint, to locate additional facts, data, material and information and to determine the need for further discovery.

**III**

**Scheduling a Rule 26(f) Conference**

Please be advised that we need to "meet and confer"[1] regarding the above, specifically on discovery relating to Farris's bankruptcy, her filing, her claimed vs. unclaimed listing of creditors, levels of debt, income/expenses, length of debt ceiling, location of other witnesses, etc.

Our "meet and confer" can be telephonic conversation(s) and written correspondence regarding how and when to effectuate discovery. Importantly, we can schedule a convenient time and place to meet.

That meeting could occur at your office or a Starbucks or place that offers an enjoyable, pacific and organized ambiance.

## IV

### Proposed Discovery Plan

Based upon a perusal of federal discovery statutes,[2] I will be reviewing then implementing and employing the various discovery tools such as interrogatories, document requests, and admissions and perhaps conducting a deposition of your client.

The following represents a tentative strategy:

1.  Contact Mr. Bryant

2.  Review the Farris Chapter 7 Bankruptcy Petition

    a. Examine the Farris Amended Chapter 7 Bankruptcy Petition

3.  Contact Mr. Bryant regarding discovery, discovery methods, the need for discovery, establish a basis for communication

    a. How best to achieve a workable activity

    b. Timeframes for completion

4.  Determine and arrange times to meet with Mr. Bryant

    a.  Available times, locations and dates to be discussed

---

[1] This will be our Rule 26(f) conference to develop a working relationship.
[2] See, e.g, Federal Rule of Civil Procedures, Rule 26, 30 and 45.

    b. Review the calendar

5.    Attached, please find Interrogatories, Set #1 (Exhibit "A")

6.    Shortly, the Deposition of Farris

**V**

**Conclusion**

The above is a planned overview of my approach to this case and my approach to interact with you to again resolve this case.

In the spirit of resolution, feel free to contact me so that we can quickly and readily handle any disputes that arise.

Significantly, the Interrogatories MUST be completed within the next 15-20 days.

However, in the event of impasse or difficulty, I will effectuate the solutions found in the Federal Rules.[3]

Dated: January 10, 2017                          Submitted for you Review,


                                        _____
                                        James Lee Clark, Plaintiff, *In Pro Per*

---

[3] See, Federal Rules of Civil Procedure, Rule 37

# EXHIBIT "C"

EXHIBIT "C"

James Clark
625 Laconia Blvd.
Los Angeles, CA 90044
Plaintiff, *In Pro Per*
(310)622-0757

James Bryant, Esq.
Attorney for Rita Ellison-Farris
The Consumer Advocate Law Group
4929  Wilshire Boulevard
Suite #1040
Los Angeles, California 90010

RE: *Bankruptcy Adversary Proceeding /2:11-bk-33861-RK*
*CHAPTER 7/Discovery and Discovery plans for discovery of relevant material from Debtor/your*
*Client Rita Ellison-Farris*

I.

**Introduction**

As you are cognizant of, I commenced the adversarial proceedings against your client, Rita
Ellison-Farris based on her petitioning this court for bankruptcy protection. For months, now, we
seem to be at odds; there is no communication, no contact and no further attempts to contact me.

So, I am submitting to you my correspondence regarding case management of this case so
that we can move forward to eventually resolve the proposed discovery and this case.

II

**Need for a discovery plan**

Discovery is needed to examine whether amending the complaint, to locate additional facts,
data, material and information and to determine the need for further discovery.

III

**Scheduling a Rule 26(f) Conference**

Please be advised that we need to "meet and confer"[1] regarding the above, specifically on discovery relating to Farris's bankruptcy, her filing, her claimed vs. unclaimed listing of creditors, levels of debt, income/expenses, length of debt ceiling,  location of other witnesses, etc.

Our "meet and confer" can be telephonic conversation(s) and written correspondence regarding how and when to effectuate discovery. Importantly, we can schedule a convenient time and place to meet.

That meeting could occur at your office or a Starbucks or place that offers an enjoyable, pacific and organized ambiance.

**IV**

**Proposed Discovery Plan**

Based upon a perusal of federal discovery statutes,[2] I will be reviewing then implementing and employing the various discovery tools such as interrogatories, document requests, and admissions and perhaps conducting a deposition of your client.

The following represents a tentative strategy:

1.  Contact Mr. Bryant

2.  Review the Farris Chapter 7 Bankruptcy Petition

    a. Examine the Farris Amended Chapter 7 Bankruptcy Petition

3.  Contact Mr. Bryant regarding discovery, discovery methods, the need for discovery, establish a basis for communication

    a. How best to achieve a workable activity

    b. Timeframes for completion

4.  Determine and arrange times to meet with Mr. Bryant

    a.  Available times, locations and dates to be discussed

---

[1] This will be our Rule 26(f) conference to develop a working relationship.
[2] See, e.g. Federal Rule of Civil Procedures, Rule 26, 30 and 45.

b. Review the calendar

5.   Attached, please find Interrogatories, Set #1 (Exhibit "A")

6.   Shortly, the Deposition of Farris

**V**

**Conclusion**

The above is a planned overview of my approach to this case and my approach to interact
with you to again resolve this case.

In the spirit of resolution, feel free to contact me so that we can quickly and readily handle
any disputes that arise.

Significantly, the Interrogatories MUST be completed within the next 15-20 days.

However, in the event of impasse or difficulty, I will effectuate the solutions found in the
Federal Rules.[3]

Dated: November 20, 2016                         Submitted for you Review,

_____
James Lee Clark, Plaintiff, *In Pro Per*

---

[3] See, Federal Rules of Civil Procedure, Rule 37

# EXHIBIT "D"

**EXHIBIT "D"**

James Clark
625 Laconia Blvd.
Los Angeles, CA 90044
Plaintiff, *In Pro Per*
(310)622-0757


James Bryant, Esq.
Attorney for Rita Ellison-Farris
The Consumer Advocate Law Group
4929  Wilshire Boulevard
Suite #1040
Los Angeles, California 90010


RE: *Bankruptcy Adversary Proceeding /2:11-bk-33861-RK*
*CHAPTER 7/Discovery and Discovery plans for discovery of relevant material from Debtor/your*
*Client Rita Ellison-Farris*

## I.

### Introduction

As you are cognizant of, I commenced the adversarial proceedings against your client, Rita
Ellison-Farris based on her petitioning this court for bankruptcy protection. For months, now, we
seem to be at odds; there is no communication, no contact and no further attempts to contact me.

So, I am submitting to you my correspondence regarding case management of this case so
that we can move forward to eventually resolve the proposed discovery and this case.

## II

### Need for a discovery plan

Discovery is needed to examine whether amending the complaint, to locate additional facts,
data, material and information and to determine the need for further discovery.

## III

### Scheduling a Rule 26(f) Conference

Please be advised that we need to "meet and confer"[1] regarding the above, specifically on discovery relating to Farris's bankruptcy, her filing, her claimed vs. unclaimed listing of creditors, levels of debt, income/expenses, length of debt ceiling, location of other witnesses, etc.

Our "meet and confer" can be telephonic conversation(s) and written correspondence regarding how and when to effectuate discovery. Importantly, we can schedule a convenient time and place to meet.

That meeting could occur at your office or a Starbucks or place that offers an enjoyable, pacific and organized ambiance.

## IV

### Proposed Discovery Plan

Based upon a perusal of federal discovery statutes,[2] I will be reviewing then implementing and employing the various discovery tools such as interrogatories, document requests, and admissions and perhaps conducting a deposition of your client.

The following represents a tentative strategy:

1.   Contact Mr. Bryant

2.   Review the Farris Chapter 7 Bankruptcy Petition

    a. Examine the Farris Amended Chapter 7 Bankruptcy Petition

3.   Contact Mr. Bryant regarding discovery, discovery methods, the need for discovery, establish a basis for communication

    a. How best to achieve a workable activity

    b. Timeframes for completion

4.   Determine and arrange times to meet with Mr. Bryant

    a.   Available times, locations and dates to be discussed

---

[1] This will be our Rule 26(f) conference to develop a working relationship.
[2] See, e.g. Federal Rule of Civil Procedures, Rule 26, 30 and 45.

-2-

b. Review the calendar

5.   Attached, please find Interrogatories, Set #1 (Exhibit "A")

6.   Shortly, the Deposition of Farris

**V**

**Conclusion**

The above is a planned overview of my approach to this case and my approach to interact with you to again resolve this case.

In the spirit of resolution, feel free to contact me so that we can quickly and readily handle any disputes that arise.

Significantly, the Interrogatories MUST be completed within the next 15-20 days.

However, in the event of impasse or difficulty, I will effectuate the solutions found in the Federal Rules.[3]

Dated: December 23, 2016                    Submitted for you Review,


_____

James Lee Clark, Plaintiff, *In Pro Per*

_____

[3] See, Federal Rules of Civil Procedure, Rule 37

# EXHIBIT "E"

## EXHIBIT "E"

James Clark
625 Laconia Blvd.
Los Angeles, CA 90044
Plaintiff, *In Pro Per*
(310)622-0757


James Bryant, Esq.
Attorney for Rita Ellison-Farris
The Consumer Advocate Law Group
4929  Wilshire Boulevard
Suite #1040
Los Angeles, California 90010


RE: *Bankruptcy Adversary Proceeding /2:11-bk-33861-RK*

*CHAPTER 7/Discovery and Discovery plans for discovery of relevant material from Debtor/your Client Rita Ellison-Farris*

## I.

### Introduction

As you are cognizant of, I commenced the adversarial proceedings against your client, Rita Ellison-Farris based on her petitioning this court for bankruptcy protection. For months, now, we seem to be at odds; there is no communication, no contact and no further attempts to contact me.

So, I am submitting to you my correspondence regarding case management of this case so that we can move forward to eventually resolve the proposed discovery and this case.

## II

### Need for a discovery plan

Discovery is needed to examine whether amending the complaint, to locate additional facts, data, material and information and to determine the need for further discovery.

## III

### Scheduling a Rule 26(f) Conference

Please be advised that we need to "meet and confer"[1] regarding the above, specifically on discovery relating to Farris's bankruptcy, her filing, her claimed vs. unclaimed listing of creditors, levels of debt, income/expenses, length of debt ceiling, location of other witnesses, etc.

Our "meet and confer" can be telephonic conversation(s) and written correspondence regarding how and when to effectuate discovery. Importantly, we can schedule a convenient time and place to meet.

That meeting could occur at your office or a Starbucks or place that offers an enjoyable, pacific and organized ambiance.

## IV

### Proposed Discovery Plan

Based upon a perusal of federal discovery statutes,[2] I will be reviewing then implementing and employing the various discovery tools such as interrogatories, document requests, and admissions and perhaps conducting a deposition of your client.

The following represents a tentative strategy:

1.  Contact Mr. Bryant

2.  Review the Farris Chapter 7 Bankruptcy Petition

    a. Examine the Farris Amended Chapter 7 Bankruptcy Petition

3.  Contact Mr. Bryant regarding discovery, discovery methods, the need for discovery, establish a basis for communication

    a. How best to achieve a workable activity

    b. Timeframes for completion

4.  Determine and arrange times to meet with Mr. Bryant

    a. Available times, locations and dates to be discussed

---

[1] This will be our Rule 26(f) conference to develop a working relationship.
[2] See, e.g, Federal Rule of Civil Procedures, Rule 26, 30 and 45.

-2-

b. Review the calendar

5.   Attached, please find Interrogatories, Set #1 (Exhibit "A")

6.   Shortly, the Deposition of Farris

**V**

**Conclusion**

The above is a planned overview of my approach to this case and my approach to interact with you to again resolve this case.

In the spirit of resolution, feel free to contact me so that we can quickly and readily handle any disputes that arise.

Significantly, the Interrogatories MUST be completed within the next 15-20 days.

However, in the event of impasse or difficulty, I will effectuate the solutions found in the Federal Rules. [3]

Dated: October 16, 2016                     Submitted for you Review,

 

 

_____
James Lee Clark, Plaintiff, *In Pro Per*

---

[3] See, Federal Rules of Civil Procedure, Rule 37