1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED & ENTERED

SEP 28 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell   DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

RITA GAIL FARRIS-ELLISON,

                                        Debtor.

_____

JAMES LEE CLARK,

                                        Plaintiff,

        vs.

RITA GAIL FARRIS-ELLISON,

                                        Defendant.

_____

Case No.  2:11-bk-33861-RK

Chapter 7

Adv. No. 2:12-ap-01830-RK

**ORDER ON UNRESOLVED MOTIONS
(DOCKET NUMBERS 351, 362, 377, 390,
397, 399, 412 AND 414)**

        Pending at the trial of this adversary proceeding are several unresolved motions
(Docket Nos. 351, 362, 377, 390, 397, 399, 412 and 414) that the court had deferring
ruling upon until trial.  Plaintiff James Lee Clark filed most of the pending unresolved
motions relating to discovery disputes between him and Defendant Rita Gail Farris-
Ellison ("Defendant").  The court has made partial rulings on issues in some of these

motions and reserved ruling on other issues raised by these motions.  Having now considered the pending unresolved motions filed in this adversary proceeding, the pleadings related thereto, the arguments made by parties and having held a trial in the adversary proceeding, the court rules on these pending motions as follows.

On December 14, 2017, Plaintiff filed a pleading captioned Plaintiff/Creditor, James Lee Clark's Notice of and Motion for an Order Compelling Discovery and Sanctions Against Defendant/Debtor Rita Ellison-Farris (Docket No. 351).  Plaintiff failed to comply with Local Bankruptcy Rule 7026-1(c)(3)(A) and (C) because he did not provide a stipulation or a declaration from Defendant, the alleged noncooperating party. The court ruled on parts of this motion, and reserved ruling on other parts in its order entered on January 19, 2018 (Docket No. 355).  The court denied the motion to compel response to the requests for admission because it was unnecessary.  As to the interrogatories, the court could not compel responses to interrogatories until Plaintiff proved they were signed and valid, and the court reserved its ruling on this part of the motion.  As to the request to compel production of documents, Plaintiff failed to satisfy the discovery dispute stipulation requirement of Local Bankruptcy Rule 7026-1(c), and the court reserved ruling on this part of the motion.  The court indicated to the parties that the failure to respond to Plaintiff's attempts to meet and confer may warrant sanctions pursuant to Local Bankruptcy Rule 7026-1(c)(4).  The court continued the hearing on this motion to compel discovery (Docket No. 351) to January 30, 2018 and ordered Plaintiff and counsel for Defendant, James Bryant (Bryant), to appear at the January 30, 2018 hearing.  On January 29, 2018, Bryant filed a Declaration of James A. Bryant Re: Service of Plaintiff's Motion to Compel Discovery Responses (Docket No. 359).  Bryant declared that his office did not receive a copy of Plaintiff's motion to compel or any meet and confer letter.  Regarding this motion, the court issued a Status Conference and Scheduling Order Pursuant to LBR 7016-1(a)(4) on January 31, 2018 (Docket No. 360).  Pursuant to this scheduling order, the court ordered Defendant to serve her response to Plaintiff's request for admissions and interrogatories within 30

1    days, or before March 1, 2018, and the court set a further hearing on the motion and

2    continued the status conference to May 1, 2018.

3        On March 12, 2018, Plaintiff filed a pleading titled Plaintiff/Creditor, James Lee

4    Clark's Notice of and Motion for an Order for Sanctions Including Terminating Sanctions

5    Against Defendant/Debtor Rita Ellison-Farris (Docket No. 362).  Plaintiff cited to Federal

6    Rule of Civil Procedure Rule 26 and Rule 37(c)(1), Federal Rule of Bankruptcy

7    Procedure 7037 and Local Bankruptcy Rule 7026[-1].  Plaintiff contended the court

8    ordered Defendant to respond to discovery pursuant to the scheduling order entered on

9    January 30, 2018.  The court notes there is no court order entered on January 30, 2018.

10   It appears Plaintiff intended to refer to the court's order entered on January 31, 2018.

11   Plaintiff contended parties met and conferred, on January 30, 2018, in Courtroom 1675.

12   Defendant filed an opposition on March 27, 2018 (Docket No. 365).  Defendant argued

13   that Plaintiff did not attempt to meet and confer.  Defendant's counsel, Bryant, filed a

14   declaration under penalty of perjury in support of the opposition that he personally

15   mailed Defendant's responsive documents to Plaintiff on February 23, 2018 (Docket No.

16   366).  Bryant's declaration included a copy of an email from him to Plaintiff which

17   showed electronic copies of the discovery responses that Bryant personally mailed on

18   February 23, 2018.  *Id*. at Exhibit B.  On April 10, 2018, Plaintiff filed a reply where

19   Plaintiff acknowledged that Bryant contacted him to provide the requested documents,

20   but Plaintiff told him "NO!!!" because the documents were late (Docket No. 371).

21       On April 24, 2018, the court entered an order continuing the hearing on the

22   motion to compel discovery and for sanctions based on the parties' agreement to

23   temporarily stay the litigation to allow Plaintiff to proceed in state court litigation (Docket

24   No. 372).

25       On July 25, 2018, Plaintiff filed a pleading captioned Plaintiff/Creditor, James Lee

26   Clark's Notice of Motion to Compel Further Discovery Responses to Defendant/Debtor

27   Rita Gail Ellison-Farris (Docket No. 377).  Citing to Federal Rules of Civil Procedure 26

28   and 37, Plaintiff contended that Defendant was nonresponsive to his discovery

1   requests.  This motion did not list a date or time for it to be heard before the court.

2   Defendant filed an opposition (Docket No. 386).  Counsel for Defendant, Bryant,

3   asserted that he did not receive the motion and that there were no attempts to meet and

4   confer.  Plaintiff did not file a reply to show that he properly served the motion.  The

5   motion included a certificate of service that does not include a date for service of this

6   motion.  The bottom of the certificate of service shows that James Clark signed the

7   certificate on May 1, 2018.  The court notes Plaintiff did not file this motion until July 25,

8   2018.  Plaintiff filed an Amended Certificate of Service on August 6, 2018 (Docket No.

9   380).  This amended certificate of service listed a hearing date of August 8, 2018.  The

10  court denied this motion regarding the terminating sanctions pursuant to its order

11  entered on October 3, 2018 (Docket No. 391).

12       Plaintiff filed a Motion to Strike Discovery Responses (Docket No. 388), on

13  October 1, 2018.  In this motion, Plaintiff contended that Defendant's discovery

14  responses should be stricken due to Defendant's alleged noncompliance with his

15  discovery requests because they were late in not being served by March 1, 2018.  On

16  October 2, 2018, Plaintiff filed a pleading captioned Plaintiff/Creditor, James Lee Clark's

17  Notice of Motion to Compel Inspection and to Produce Documents and Responses from

18  and to Defendant/Debtor Rita Gail Ellison-Farris; Request for Terminating Sanctions

19  (Docket No. 390).  Plaintiff demanded compliance with new discovery requests served

20  on or about August 8, 2018.  Plaintiff attempted to set both motions for hearing on

21  October 2, 2018, which was improper under Local Bankruptcy Rule 9013-1(d) for lack of

22  21 days' notice of hearing on the motions.  Having considered the declaration of

23  Defendant's counsel, Bryant, filed on March 27, 2018, the court denies these motions

24  (Docket Nos. 388 and 390).

25       On October 3, 2018, the court entered an Order Setting Further Hearing on

26  Discovery Disputes and Continuing Status Conference (Docket 391).  This order

27  addressed Plaintiff's discovery dispute motions (Docket Nos. 362, 377, 388 and 390).

28  The court denied the motions for sanctions and to compel further responses (Docket

Nos. 362 and 377) to the extent Defendant seeks terminating sanctions.  The court set

a further hearing for November 30, 2018 to review Defendant's responses to Plaintiff's

request for admissions, interrogatories and request for production of documents.

Pursuant to the court's October 3, 2018 order (Docket No. 391), the court

ordered Defendant to respond to Plaintiff's discovery requests by November 2, 2018.

On November 7, 2018, Plaintiff filed a pleading captioned Plaintiff/Creditor, James Lee

Clark's Notice of Motion to Compel Inspection and to Produce Documents and

Response from and to Defendant/Debtor Rita Gail Ellison-Farris; Request for

Terminating Sanctions (Docket No. 397).  On November 30, 2018, Defendant filed and

served Rita Ellison's Responses to James Clark's Requests for Production of

Documents, Set Fifteen (Docket No. 408), Rita Ellison's Responses to James Clark's

Requests for Admissions, Set Fifteen (Docket No. 409) and Rita Ellison's Responses to

James Clark's Special Interrogatories, Set Fifteen (Docket No. 410) (collectively,

"responses").  Having reviewed the Bryant's declaration (Docket No. 366) and the

responses filed by Defendant (Docket Nos. 408, 409 and 410), the court determines the

Defendant adequately responded to Plaintiff's discovery requests via the mail and

through email, the proof is attached as Exhibit B to the declaration.  Considering Plaintiff

received the responses through email on March 23, 2018, although the responses were

filed late on the docket, on November 30, 2018, and the court did not hold a trial that did

not start until June 2021, two and a half years after services of the responses, there is

no prejudice to Plaintiff due to the late filed responses to warrant sanctions.

On November 13, 2018, Plaintiff filed a pleading captioned Plaintiff, James Lee

Clark's Notice of Motion to Amend Adversary Complaint and to Add Jennifer, Quiet

Title, Cancel the Deed and Note (Docket No. 399).[1]  Plaintiff sought to add a new

defendant under Federal Rule of Civil Procedure 15(a)(2).  Under Rule 15(a)(2), applied

through Federal Rule of Bankruptcy Procedure 7015, "a party may amend its pleading

---

[1] This appears to be the second motion to "add Jennifer."  On August 6, 2018, Plaintiff filed Plaintiff, James Lee Clark's Notice of Motion and Motion to Amend Adversary Complaint and to Add Jennifer (Docket No. 379).  It appears this motion is still pending.  This motion is denied for the same reasons that Docket No. 399 is denied.

only with the opposing party's written consent or the court's leave."  The motion is denied for insufficient cause.  Plaintiff is pursuing nondischargeability causes of action against the Defendant under 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6).[2]  Plaintiff seeks to add "Jennifer" who was "the escrow officer employed at Lenders Escrow, Inc."  He argued that Jennifer, as an escrow officer, breached her fiduciary duty to Plaintiff.  Under 11 U.S.C. § 523(a)(4), a discharge under section 727 does not discharge a debtor of any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny."  A claim for a breach of fiduciary duty under 11 U.S.C. § 523(a)(4) can only be made against a debtor in a bankruptcy case, and not against non-debtor third parties.  Accordingly, Plaintiff may not add a non-debtor party to his claim under 11 U.S.C. § 523(a)(4) in this bankruptcy case of another party.  Amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Also, Plaintiff's motion is denied because Plaintiff seeks to add a party that is not properly identified.  Plaintiff's description of "Jennifer" who was "the escrow officer employed at Lenders Escrow, Inc." in his motion does not properly identify a party who could be added to a lawsuit.  Accordingly, this motion to amend the complaint is denied.

By November 30, 2018, Defendant had filed on the court's docket: Rita Ellison's Responses to James Clark's Request for Production of Documents, Set Fifteen (Docket No. 408), Rita Ellison's Responses to James Clark's Request for Admissions, Set Fifteen (Docket No. 409), and Rita Ellison's Response to James Clark's Special Interrogatories, Set Fifteen (Docket No. 410).  On December 3, 2018, the court entered an Order Continuing Hearing on Discovery Disputes and Status Conference (Docket No. 403).  Pursuant to this order, the court required Defendant to file and serve a complete copy of her discovery responses requested in August 2018 with a declaration of service showing service of the responses on or before the deadline November 2, 2018, by December 5, 2018.  On December 3, 2018, Defendant filed verification of the

---

[2] The Third Amended Complaint which is attached to Plaintiff's Motion for Leave to File Third Amended Complaint (Docket No. 271) shows Plaintiff seeks relief under 11 U.S.C. § 523(a)(2), (4) and (6).

interrogatories (Docket No. 404), verification of the request for admissions (Docket No. 405) and verification response to request for production (Docket No. 406).  These three documents include a signed verification from Defendant Rita Ellison which she executed on November 1, 2018.

On December 14, 2018, Plaintiff filed a pleading captioned Plaintiff/Creditor, James Lee Clark's Notice of Motion to Compel Inspection and to Produce Documents and Responses from and to Defendant/Debtor Rita Gail Ellison-Farris; Request for Terminating Sanctions (Docket No. 412).  Plaintiff continued to allege that Defendant failed to timely respond to Plaintiff's discovery requests.  Having considered the discovery responses filed by Defendant on November 30, 2018 (Docket Nos. 408, 409 and 410) and December 3, 2018 (Docket Nos. 404, 405 and 406), the court determines that Defendant adequately responded to Plaintiff's discovery requests and denies the motion.

On December 17, 2018, Defendant filed a Notice of Motion and Motion to Abstain (Docket No. 414).  Defendant set the motion for hearing on February 21, 2019.  The parties were involved in pending state court litigation.  Plaintiff filed claims in the Los Angeles Superior Court against EZ Financial and Lenders Escrow Inc. which were companies owned by Defendant.  On December 18, 2018, the court held a status conference hearing in this adversary proceeding.  Based on the oral agreement of the parties at the status conference hearing, the court took all pending motions (including the motion to abstain) in this adversary proceeding off calendar.  Considering the court now held a trial in the adversary proceeding, the motion to abstain is now moot and is denied as moot.

Pursuant to the court's Order Taking Matters Off Calendar and Rescheduling Status Conference (Docket No. 418), entered on December 19, 2018, the court took the following motions off calendar:  Docket Nos. 412, 41[4], 399, 397, 394, 390, 377, 362 and 351.  These motions could be heard, subject to their being renoticed for hearing by Plaintiff.  Plaintiff did not renotice the motions for hearing, but the court indicated that

1    the motions could be heard at trial.  Plaintiff argued that the motions should be granted

2    in his post-trial closing briefs and terminating sanctions be imposed against Defendant

3    and/or Defendant and her counsel be held in contempt.  Plaintiff's Closing Brief, Docket

4    No. 615, filed on April 25, 2022, at 15-16.  Thus, the thrust of Plaintiff's discovery

5    motions is for the court to impose terminating sanctions against Defendant.

6          Having considered Defendant's discovery responses and other pleadings in

7    Docket Numbers 366, 404, 405, 406, 408, 409 and 410, filed by Defendant, the court

8    determines that Defendant adequately complied with Plaintiff's discovery requests and

9    that sanctions are not warranted.  Sanctions for discovery violations pursuant to Federal

10   Rule of Civil Procedure 37 may be imposed only for a violation of a prior valid order

11   compelling discovery.  *Unigard Security Insurance Co. v. Lakewood Engineering &*

12   *Manufacturing Corp.,* 982 F.2d 363, 367-368 (9th Cir. 1992).  Terminating sanctions as

13   requested by Plaintiff, such as dismissal or default, are drastic remedies and may be

14   ordered only in extreme circumstances, such as willful disobedience or bad faith.  *In re*

15   *Exxon Valdez,* 102 F.3d 429, 432 (9th Cir. 1996).  The court has reviewed Defendant's

16   responses to Plaintiff's discovery subject to the court's orders compelling discovery and

17   determines that Defendant substantially complied with the court's orders in responding

18   to Plaintiff's discovery requests and that there may have been tardiness in responding,

19   but there was no willful disobedience or bad faith on the part of Defendant or her

20   counsel to warrant terminating sanctions in this case.  Accordingly, the court denies

21   Plaintiff's outstanding discovery motions seeking sanctions.

22          The court notes that even if the court had granted Plaintiff's discovery motions

23   and imposed terminating sanctions, Plaintiff was still required to prove up his claims in

24   this adversary proceeding and show the amount of his damages on his claims, which he

25   did at trial.  *See Eitel v.McCool,* 782 F.2d 1470, 1471-1472 (9th Cir, 1986)(default

26   judgments are generally disfavored, and the court may consider the merits of plaintiff's

27   substantive claim and the strong policy underlying the Federal Rules of Civil Procedure

28   favoring decisions on the merits in deciding whether to enter default judgment).  In that

regard, Plaintiff's motions to compel discovery are moot as he proved up his claims at trial and the court has determined the case on the merits and holds that the debt owed by Defendant to him as determined by the Superior Court of California for the County of Los Angeles is not dischargeable to the extent of $89,213.07, plus statutory interest on the state court judgment.  Plaintiff did not prove up additional amounts at trial, and thus, it appears that he would not have been able to prove up additional amounts at a "prove up" hearing if the court imposed terminating sanctions against Defendant, struck her answer to the third amended complaint and entered her default in this case and conducted a hearing for Plaintiff to prove up his damages in a default "prove up" hearing.

        For the foregoing reasons, the unresolved motions in this adversary proceeding are denied.

        IT IS SO ORDERED.

                                    # # #

Date: September 28, 2022

_____
Robert Kwan
United States Bankruptcy Judge