FILED & ENTERED

SEP 28 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>RITA GAIL FARRIS-ELLISON,<br><br>                                          Debtor. | Case No. 2:11-bk-33861-RK<br><br>Chapter 7<br><br>Adv. No. 2:12-ap-01830-RK<br><br>**ORDER (1) STRIKING NEWLY FILED COMPLAINTS AGAINT FLAGSTAR BANK, RITA GAIL FARRIS-ELLISON, YI MING AND YI MING, LLC AND (2) VACATING HEARING ON OCTOBER 11, 2022**<br><br>Vacated Hearing<br>Date:   October 11, 2022<br>Time:   2:30 p.m. |
| JAMES LEE CLARK,<br>                                          Plaintiff,<br>     vs.<br>RITA GAIL FARRIS-ELLISON,<br><br>                                          Defendant. | |

**TO PLAINTIFF JAMES LEE CLARK, DEFENDANT RITA GAIL FARRIS-ELLISON AND HER ATTORNEY JAMES BRYANT, FLAGSTAR BANK, YI MING AND YI MING LLC:**

On September 9, 2022, Plaintiff James Clark ("Plaintiff") filed a document titled "Complaint for Conversion of Property" (Docket No. 616) in this adversary proceeding. On September 16, 2022, Plaintiff filed a second document titled "Complaint for

-1-

Conversion of Property" (Docket No. 617) and noticed it for a hearing on October 11, 2022 at 2:30 p.m. In these documents, Plaintiff named Rita Gail Farris Ellison as the defendant in the caption, but named Rita Gail Farris Ellison, Flagstar Bank, Yi Ming and Yi Ming LLC as defendants in the body of the documents.

For the reasons stated herein, the court hereby strikes both documents from the case docket and vacates the October 11, 2022, 2:30 p.m. hearing based on the following.

In these adversary proceedings, Plaintiff has made multiple attempts to add Flagstar Bank and various other parties as defendants. In his latest attempt shown in these new complaints, Plaintiff alleges a single claim for conversion of property. As an exhibit, Plaintiffs attached an extensive list of items that he claims are personal property, which were seized from him.

Accordingly, Plaintiff apparently argues that he is allowed to litigate claims against Flagstar Bank, Yi Ming and Yi Ming LLC in this bankruptcy case because they "did not get permission to intervene or relief from stay from Bankruptcy Court Judge." Complaint, Docket No. 616, Complaint at page 4, lines 6-7. Plaintiff in his Complaint did not make clear which stay Flagstar Bank, Yi Min or Yi Ming LLC may have violated because it could not have been an automatic stay of 11 U.S.C. § 362 in this bankruptcy case because the automatic stay arising in this bankruptcy case relates to the debtor in this case, Ms. Farris-Ellison, and her bankruptcy estate, and not to Plaintiff and his property. Thus, there is no actionable claim against these parties based on an automatic stay in this bankruptcy case. If there is an automatic bankruptcy case applicable to Plaintiff's property in another bankruptcy case, which may have been in one of his bankruptcy cases since his property may have been part of the bankruptcy estate of those cases, Plaintiff needs to file his complaint there.

<u>Flagstar Bank</u>

Based on the court's prior orders, the court must strike the new complaints as to Flagstar Bank because Plaintiff did not obtain permission to file a new complaint against

Flagstar Bank as required by the court's prior orders. On September 9, 2012, this court issued an order which states, "plaintiff may not refile his claims as to these defendants [including Flagstar Bank] in this court without prior authorization of this court." Order Granting Motion to Dismiss Adversary Complaint and Motion for Abstention, entered in 2:12-ap-01830, Docket No. 19, 2:21-22. The court clarified and amended this order on September 25, 2015 in its Memorandum Decision (Docket No. 186) and extended the prefiling requirement as to Flagstar by stating, "Plaintiff may not file any complaint, motion or other proceeding against Flagstar, First American Title Insurance Company and Investors Title Company, Inc., in Debtor's bankruptcy case or in any adversary proceeding or contested matter in Debtor's bankruptcy case without prior authorization of the court, which must be sought by motion, and Plaintiff may not serve these parties with any such complaint, motion or other proceeding against them without prior authorization of this court." Memorandum Decision and Order Denying Plaintiff's Motion to Amend Complaint to Add Defendant, Flagstar Bank, and Directing Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) for Abstention and Dismissal as to Flagstar Bank, FSB, First American Title Insurance Company and Investors Title Company, Inc., From This Adversary Proceeding, entered in 2:12-ap-01830, Docket No. 186 at 16:6-12.

Since these orders bar Plaintiff from filing a new complaint against Flagstar Bank, without permission, and Plaintiff did not seek permission to file his complaints against Flagstar Bank, Plaintiff filed his new complaints against Flagstar Bank in violation of these orders, and accordingly, the court must enforce its prior orders and strike the new complaints from the case docket.

Additionally, on December 3, 2012, the court entered an order dismissing the complaint as to Flagstar Bank, without leave to amend. Order Granting Motion to Dismiss Adversary Complaint and Motion for Abstention, entered in Adversary Proceeding No. 2:12-ap-01830, Docket No. 41.[1] The court granted the motion without

---

[1] Plaintiff sought reconsideration of the dismissal which the court denied. *See* Order Denying Plaintiff's Motion for

Main Document    Page 4 of 8

leave to amend and dismissed the complaint against Flagstar Bank with prejudice. Plaintiff moved for reconsideration of this order, which was denied by the court's order of May 23, 2013 (docket No. 78). Plaintiff filed a motion to vacate the order of dismissal, which was denied by the court's order of July 22, 2015 (Docket No. 164). Plaintiff filed a motion to amend complaint and add Flagstar as a defendant, which was denied by orders and judgment of September 25, 2015 (Docket Nos. 185 and 186). These orders provided that the motion to amend was denied with prejudice and that the adversary proceedings were dismissed against Flagstar based on abstention on final judgment basis in that the court would abstain from hearing claims against Flagstar, meaning that Plaintiff could file his claims against Flagstar in state court or take an appeal of the dismissal based on abstention. The order dismissing Flagstar Bank based on abstention is a bar to filing a new complaint in these adversary proceedings against it.

Here, the court dismissed Flagstar Bank as a defendant in these adversary proceedings is a bar from filing new complaints against it. The issue of whether Flagstar Bank can be a defendant in this adversary proceeding was already explicitly and definitively decided before. Plaintiff has made multiple attempts to bring a cause of action against Flagstar Bank, in this adversary proceeding. By prior orders, the court barred Plaintiff from refiling a complaint against Flagstar Bank without permission, and

---

Reconsideration from Order of Dismissal of Defendant Flagstar Bank, FSB and Order Imposing Sanctions entered in 2:12-ap-01830, Docket No. 78. On March 2, 2015, Plaintiff filed a motion to vacate the order dismissing Flagstar Bank and allow Plaintiff to amend complaint to add Flagstar (Docket No. 122) which the court denied. *See* Order Denying Motion to Vacate Order Dismissing Defendant Flagstar Bank and Allowing Plaintiff to Add a Legal Basis to Include Flagstar entered in 2:12-ap-01830, Docket No. 164. In this order the court stated, "The Court will require Clark to lodge any pleading relating to or naming Flagstar as a party with the Court with a hearing date on regular 21-days' notice, but Clark is not permitted to serve Flagstar with the pleading until the Court reviews it and makes a determination that it is appropriate to be filed and served on Flagstar." *Id*. at 2. On July 10, 2015, Plaintiff filed a motion to amend complaint to add Flagstar as a defendant. Docket No. 161. The court entered a Memorandum of Decision and Order Denying Plaintiff's Motion to Amend Complaint to Add Flagstar Bank, and Directing Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) for Abstention and Dismissal as to Flagstar Bank, FSB, First American Title Insurance Company and Investors Title Company, Inc., From This Adversary Proceeding (Docket No. 186) and a Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) Dismissing Flagstar Bank, First American Title Company, and Investors Title Company as Defendants (Docket No. 185). Plaintiff sought reconsideration (Docket No. 190) of the order denying plaintiff's motion to amend complaint to add defendant Flagstar Bank, but eventually withdrew the motion. *See* Notice of Withdrawal of Motions, Docket No. 241.

Plaintiff did not seek permission to file the new complaints. Plaintiff cannot add Flagstar Bank as a defendant in this adversary proceeding. Therefore, the court hereby strikes the new complaints as to Flagstar Bank.

<u>Rita Gail Farris Ellison</u>

As to Plaintiff filing a new complaint against Defendant Farris-Ellison, any amendment to the current operative complaint, the third amended complaint, is too late. The court has already conducted the trial in this adversary proceeding on Plaintiff's claims against Defendant Farris-Ellison on his third amended complaint. It is too late for Plaintiff to assert new claims against this defendant because the new complaints, which purportedly amend his operative complaint, the third amended complaint, does not comply with Federal Rule of Civil Procedure 15(b), applied in adversary proceedings through Federal Rules of Bankruptcy Procedure Rule 7015. Plaintiff did not file a motion for leave to amend the complaint against Defendant Farris-Ellison post-trial; he just filed this new amended complaint against her. .

Generally, leave to amend is within the discretion of the court. *Swanson v. U.S. Forest Serv.,* 87 F.3d 339, 343 (9th Cir. 1996). Factors to consider in allowing an amendment include: (1) bad faith or dilatory motive on the part of the movant, (2) undue delay, (3) undue prejudice to the opposing party by virtue of allowing the amendment, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

The factual allegations in Plaintiff's new complaints are vague and conclusory and do not allege any essential facts such as the alleged conversion of Plaintiff's property occurred or how Ms. Farris-Ellison was involved since he only alleges that Flagstar seized his property and that Flagstar, Yi Ming and Yi Ming LLC did not obtain stay relief to take his property. In light of the fact that the court already tried Plaintiff's claims against Defendant Farris-Ellison in this adversary proceeding, she did not have an opportunity to defend against Plaintiff's new allegations related to conversion of

property during the trial. Plaintiff's new complaints should not be allowed as amended complaints because they are untimely and unduly prejudicial to Farris-Ellison. See *Carter v. National R.P. Passenger Corp.,* 413 F.Supp.2d 495, 501 (E.D. Penn. 2005).

Under Rule 15(b)(2), "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." In these adversary proceedings, there is no express or implied consent by Farris-Ellison to litigate the issue of alleged conversion of Plaintiff's property. "'Implied consent is not established merely because one party introduced evidence relevant to an unpleaded issue and the opposing party failed to object to its introduction. It must appear that the parties understood the evidence to be aimed at the unpleaded issue.'" *Kehoe Component Sales Inc. v. Best Lighting Products, Inc.,* 796 F.3d 576, 595 (6th Cir. 2015) (citation omitted). "Otherwise, the court runs the risk of violating the defendant's procedural due process rights by imposing judgment upon a claim against which the defendant did not know [s]he had to defend [her]self." *Id.* at 595. Evidence relevant to the new claims that is also relevant to the originally pleaded claim is not implied consent because the defendant must have notice that the new claim is being tried against him or her. *Id*. Here, there was no express or implied consent in this trial to add any allegations or claims against Defendant Farris-Ellison regarding claims of conversion of Plaintiff's personal or real property listed in the attachments to the complaints.

Plaintiff did not seek leave of court to file his new complaints, which are amended complaints, and the filing of such amended complaint is improper pursuant to Federal Rule of Civil Procedure 15(a)(2) and (b), made applicable by Federal Rule of Bankruptcy Procedure 7015 in this adversary proceeding. Accordingly, the court strikes the complaints as to Defendant Rita Farris-Ellison.

<u>Yi Ming and Yi Ming LLC</u>

The bankruptcy court has subject matter jurisdiction under 28 U.S.C. § 1334(b)

over civil proceedings arising under Title 11 of the United States Code (or the Bankruptcy Code), or arising in Title 11, or related to cases under Title 11. *In re Harris*, 590 F.3d 730, 736-737 (9th Cir. 2009). The new complaints against Yi Ming and Yi Ming LLC do not include claims that arise under or arise in the Bankruptcy Code. The complaints do not mention the Bankruptcy Code or Title 11 of the United States Code. The pending cause of action is for conversion of property which is a state law cause of action that can potentially exist independent of the bankruptcy case.

Also, there is subject matter jurisdiction under 28 U.S.C. § 1334(b) as related to the bankruptcy case. The test to determine whether a proceeding is related to is "whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.* [citations omitted]. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Fietz v. Great Western Savings (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (emphasis in original).

The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). If the "'court . . . lacks subject-matter jurisdiction, the court must dismiss the complaint,' *sua sponte* if necessary." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (citation omitted).

Here, Plaintiff in his new complaints seeks relief against Yi Ming and Yi Ming LLC for his personal redress, not for any benefit of the bankruptcy estate of Rita Farris-Ellison. Any potential recovery for Plaintiff will not impact the administration of the bankruptcy estate in this bankruptcy case of Rita Farris-Ellison. Since the outcome of Plaintiff's litigation against Yi Ming or Yi Ming LLC will have no effect on the administration of the bankruptcy estate, there is no subject matter jurisdiction for the court to exercise over the dispute described in the new complaints, and therefore, the

court strikes the complaints as to Yi Ming and Yi Ming LLC.

The court makes no determination whether Plaintiff has alleged a valid claim for conversion against the Defendants named in the new complaints, but the court states that a claim for conversion is a matter of state law which should be brought in state court, that is, the Superior Court of California.  See Lee v. Hanley, 61 Cal.4th 1225, 1240 (2015) (discussing the tort of conversion under California law and its elements).  The Superior Court of California is a court of general jurisdiction which can adjudicate any and all cases brought before it, such as matters arising under state law.  California Constitution, Article VI, § 4; Long v. Forty Niners Football Co., 33 Cal.App.5th 550, 556 (2019).  As stated previously, the bankruptcy court is a court of limited jurisdiction and there is no subject jurisdiction over Plaintiff's claim in his new complaints against nondebtor parties or against debtor Farris-Ellison because the conversion claim does not arise under federal bankruptcy law or other federal law and is based on acts unrelated to this bankruptcy case, that is, foreclosure of a mortgage lien held by Flagstar, and purchase at the foreclosure sale by Yi Ming and Yi Ming LLC and dispossession of the premises after foreclosure.  There are no allegations that these activities had any relationship to Defendant Farris-Ellison's bankruptcy case.

Based on the foregoing, Plaintiff's new complaints in this adversary proceeding, Docket Nos. 616 and 617, are ordered stricken.

The hearing on Plaintiff's new complaints that he noticed for hearing before the court on October 11, 2022 at 2:30 p.m. is vacated.  No appearances are required on October 11, 2002, and the court will not call the matter for hearing on October 11, 2022.

IT IS SO ORDERED.    #

Date: September 28, 2022

_____
Robert Kwan
United States Bankruptcy Judge